WOODWARD, Administrator, etc., vs. THE CHICAGO & NORTH-
WESTERN RAILWAY COMPANY.

*Injury to the person causing death : When action abates — Pleading and proof — Measure of damages.*

1. To sustain an action under the statute for injury to the person resulting in death, it must appear by pleading and proof that there is a person in being who is entitled to the money when recovered.
2. Where the person injured was a married woman and the husband survives, the measure of damages is the pecuniary loss *to him*, not exceeding $5,000.
3. Such an action sounds in *tort ;* and, in the case last mentioned, it abates on the death of the husband, the real party in interest, although the administrator is the nominal plaintiff, and there is a child of the deceased surviving.

APPEAL from the Circuit Court for *Jefferson* County.

This was an action commenced in Rock county by *Edmund H. Woodward, administrator*, under sections 12 and 13, chapter 135, R. S., to recover damages resulting from the death of his intestate, Julia B. Woodward, charged by the complaint to have been killed in December, 1864, by the negligence of the defendant. The complaint alleged the survivorship of William P. Woodward, the husband of the deceased, and Horace W. Woodward, their only child, and claimed special damages to the said William P. Woodward. After this court had reversed a decision of the circuit court sustaining a demurrer to the complaint (21 Wis. 309), the defendant answered, denying negligence on its part and charging negligence on the part of the deceased, and procured a change of venue to Jefferson county. In the meantime William P. Woodward died, and the defendant filed a supplementary answer, stating that fact, and claiming that by reason thereof the cause of action (if any) had abated. The action came on for trial in February, 1868, the court holding that it had not abated. After the plaintiff had closed his evi-

dence, the defendant obtained a nonsuit, on the ground that it appeared from the plaintiff's own showing that the negligence of Julia B. Woodward contributed to the accident which caused her death. Judgment for costs in favor of the defendant; from which plaintiff appealed.

So much of the argument here as related to the alleged negligence of deceased, is omitted.

*Conger & Sloan* (with *H. K. Whitton* of counsel), for appellant:

1. This is neither an action of tort, nor of contract, but is *sui generis*, and purely the creature of the statute. The cause of action is not the same as the deceased would have had in the event of surviving the injury, but an entirely new one, which originates in the death itself of the injured party. It rests on no common-law principle, but is given solely by the statute, not for a personal tort, but on the ground of *the pecuniary or property* interest which the beneficiaries named in the statute are presumed to have had in the person of the deceased. This is the exposition given to the statute both by the English and New York authorities, and in other states. *Pym v. G. N. R. R. Co.,* 116 Eng. Com. Law, 396; 3 H. & N. 211; *Dalton v. S. E. R. R. Co.,* 93 E. C. L. 296; *Blake v. Midland R. R. Co.,* 83 E. C. L. 93; *Whiteford v. Panama R. R. Co.,* 23 N. Y. 465; *Quin v. Moore,* 15 id. 432, approved in *Lyons v R. R. Co.,* 7 Ohio St. 340; *Swayne's Admr. v. Jeffersonville R. R. Co.,* 26 Ind. 484; *Hyatt v. Adams,* 16 Mich. 194. See also *Doedt v. Wiswall,* 15 How. Pr. 128; *Zertore v. Wiswall,* 16 id. 8; *Safford v. Drew,* 3 Duer, 633; *Henderson v. R. R. Co.,* 51 Pa. St. 323; *Morris v. R. R. Co.,* 26 Ill. 402; *Barrow v. R. R. Co.,* 5 Wallace (U. S.) 90. Manifestly, upon these authorities, the gist of the action being not a personal tort but simply an injury to a supposed right of property, there is the same reason why the action should survive the death of the beneficiary as for any other action based upon an injury to property.

2. Allow, however, that this action is but the mere continuation of that which the person injured might have brought, still, even then, the survival 'must be full and complete, as much so as if the maxim of *actio personalis* never was known. All common law rules under the statute are exploded. *Murphy v. R. R. Co.*, 30 Conn. 188; *Hollenbeck v. Berkshire R. R. Co.*, 9 Cush. 480. 3. The cases above cited hold the cause of action under this statute to be assignable; but, if assignable, then it is descendible as assets of the beneficiary's estate. *Zabriskie v. Smith*, 3 Kernan, 333.

*Pease & Ruger*, for respondent, commented upon the cases cited for the appellant, and argued they were inapplicable to a great extent, by reason of the difference in statutes. Besides, some of these cases, and among them *Quin v. Moore*, were of questionable authority, especially as to the assignability of the right of action, — a quality denied in the more recent cases, and the idea of which doubtless sprung from the fallacy of supposing the action to be brought by the administrator in his official capacity, whereas in fact he is only a nominal party, and sues as trustee of an express trust under the statute. 3 Duer, 634; 23 N. Y. 159, 470; 7 Ohio St. 339; 26 Ind. 485, 486.

2. Though the *object* of this action may be a pecuniary compensation, still the *foundation* of it is a personal tort, *an injury to the person* caused by the *wrongful* act of the defendant, and the action can no more survive after the death of the beneficiary, than an action of crim. con. which is for the personal wrong suffered by the husband, or an action by a father for seduction of his daughter, or an action for breach of promise of marriage. *Clark v. McClelland*, 9 Barr, 128; *North v. Turner*, 9 Serg. & Rawle, 248; *McClure v. Miller*, 4 Hawks, 133; 9 Georgia, 69; 19 Wend. 76; *Norton v. Wiswall*, 14 How. Pr. 42; *Mahler v. N. and N. Y. Trans. Co.*, 30 id. 237; *Read v. Hatch*, 19 Pick. 47.

3. That the action cannot be maintained, unless it appear that there is some one in existence entitled to take the recovery, and who was entitled at the time of the death of the injured person, — the time to which the statute refers, — is a proposition established by all the authorities. In addition to cases already cited, and those relied on by the appellant, see also *Worley v. Railway Co.*, 1 Handy, 481; *Lucas v. Railway Co.*, 21 Barb. 245; *Commonwealth v. Boston, etc., Railway*, 11 Cush. 517; *Railway Co. v. Keeley's Admr.*, 23 Ind. 133; *State v. Gilmore*, 4 Foster, 469.

4. Satutory actions for torts abate according to the rules of the common law, the same as common law actions, unless expressly saved by some clause in the statute creating them. See *Fairly v. Davis, Admr.*, 6 Ala. 375; *Little v. Conant*, 2 Pick. 526; *Jones v. Van Zandt's Admr.*, 4 McLean, 604; *Hooper v. Gorham*, 45 Maine, 209; 14 How. 42.

Dixon, C. J. With respect to the persons to be benefited by the money recovered in an action of this nature, the statute of this state differs materially from that of New York, and from the English statute, 9th and 10th Victoria, chapter 93. The New York statute provides, that "the amount recovered shall be for the exclusive benefit of the widow and next of kin, and shall be distributed in the proportions provided by law in relation to the distribution of personal property left .by an intestate." The English statute declares, "that every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been so caused." The statute of this state reads as follows : " And the amount recovered shall belong and be paid over to the husband or widow of such deceased person, if such relative survive him or her ; but if no husband or widow survive the deceased, the amount recovered shall be paid over to his or her lineal descendants, and to his or her lineal ancestors in default of such descendants ; and in

every action the jury may give such damages, not exceeding five thousand dollars, as they shall deem fair and just in reference to the pecuniary injury resulting from such death to the relations of the deceased specified in this section." By all the statutes, the action must be brought in the name of the personal representative of the deceased — that is, the executor or administrator. Now, while it is apparent, under the English and New York statutes, that the right of action vests at once for the benefit of each and all of the persons entitled to receive any part of the money recovered, and may be maintained so long as any one of such persons survives, it is equally apparent by our statute, that it vests only for the benefit of the husband or widow, in case the deceased leaves such surviving relative; and if no such relative survives at the time of the death, the action may be prosecuted for the benefit of the lineal descendants of the deceased; and in default of these, then for the benefit of his or her lineal ancestors. And it hardly seems necessary to add, that if the deceased leaves no relatives of the kind described in the statute, then no action whatever can be maintained. As observed by Duer, J., in *Safford v. Drew*, 3 Duer, 633, the facts that there are persons entitled by law to claim the indemnity, and that they have sustained a loss justifying their claim, must be proved upon the trial in order to warrant a recovery; and when these facts are not proved, the foundation of the action fails, and the complaint must be dismissed. The language of the statute is so plain, that there seems to be no room for argument as to its meaning.

In this case, the deceased, who was a married woman, left a husband, who survived until some time after this action was commenced. Upon her death, therefore, the right of action, by the statute, vested solely and exclusively for the benefit of her husband. He alone was entitled to the amount to be recovered, and could hold and dispose of the same at pleasure. The lineal decendants and ancestors of the deceased had no interest what-

Woodward vs. The Chicago and Northwestern Railway Co.

ever in the action, and the damages to be recovered could not be estimated with reference to the pecuniary injury, if any, resulting to them, or any of them. The damages must have been given in reference to the pecuniary injury and loss of the husband alone; and such is the obvious interpretation of the words in the last clause — " with reference to the injury resulting from such death to the relatives of the deceased specified in this section " — which are to be understood distributively, and not collectively, as counsel seem to suppose.

The question then arises as to the effect of the death of the husband: Did the action abate thereby, or does it survive, so that it may still be prosecuted for the benefit of the infant child of Mrs. Woodward? In answering this question we are first to consider the nature of the action, whether it is one sounding in tort or contract. Upon this point it does not seem to us that there can be two opinions. It is clearly an action of tort. It is an action given to recover damages for an injury caused by the wrongful act, neglect, or default of another. It can only be maintained where the deceased, if death had not ensued, would have been entitled to sue for and recover damages in respect of the same injury. It is founded upon an injury to the person of the deceased, which could only be redressed in an action of tort. By the common law, the death was a bar to any recovery against the guilty or negligent party, and the legislature, by declaring that he shall remain liable to an action, notwithstanding the death, may, in some sense, be said to have declared that the same cause of action shall survive, though based on a somewhat different principle, and with a right of recovery in some respects beyond that which the deceased would have if she had lived.

It being, therefore, an action of tort, and the sole party in interest having died, the next inquiry is, whether it falls within the general rule of the common law, that such an action does not survive the death of the party in whose favor it existed. It

is very clear to our minds that it is not distinguishable in this particular from other actions of tort, and that the common law rule must govern, unless it has been taken out of the operation of that rule by some express provision of statute. We know of no such provision. The statute declaring what actions shall survive in addition to those which survive by the common law, is section 2 of chapter 135 of the Revised Statutes; and this is clearly not one of them. They are actions for the recovery of personal property, or the unlawful conversion thereof; actions for assault and battery, or for false imprisonment, or for goods taken and carried away; and actions for damages done to real or personal estate. The provisions of statutes allowing actions of tort to survive are strictly construed, so as not to extend the exceptions beyond the clear intent of the legislature. 14 Gray, 183; 19 Pick. 47; 5 Cush. 543; 9 id. 108.

The position that the action does not abate because the nominal plaintiff, the administrator, still lives and is ready and willing to prosecute it, seems scarcely worthy of serious thought. The administrator is a mere trustee, so made by the statute, with power to sue for the benefit of his *cestui que trust*, or the person beneficially interested. He has no right except in virtue of the right of the real party in interest, and if the right of that party is lapsed or lost, so that no recovery can be had upon it, it follows that the action can be no longer maintained. As already observed, whether there is a person in being entitled, under the statute, to the money recovered, and whom the administrator represents, is one of the facts in issue, which must be proved before any recovery can be had. It appears that the person so entitled died, and that the right of action expired with him; and for that reason, if for no other, the judgment of nonsuit must be affirmed.

*By the Court.* — Judgment affirmed.