Burket, J.
The petition avers that the railroad company wantonly, carelessly and negligently so operated its train of cars as to cause the death of the child Tony Meyer. This is denied by the answer of the company and in its' second defense of its answer it charges that the parents of the boy wilfully and carelessly left the gate open, and carelessly and negligently permitted the child to wander through the gateway, out upon the railroad track where it was killed without the fault or negligence of the railroad company or its employes. While the answer denies that the company wantonly, carelessly or negligently killed the child, the’ demurrer admits that the parents wilfully, carelessly and negligently left the gate open and permitted the child to wander out upon the railroad track, and thereby contributed towards its death. At the hearng of the cause on demurrer, the allegation in the petition as. to the wanton, careless and negligent conduct of the company stood denied, and for ought that then appeared might never be proven; while the wilful, careless and negligent conduct of the parents stood admitted. At that stage, of the case there was, therefore nothing to prevent the defense of contributory negligence from being made. For ought that appears in the record, the verdict may have been returned as it was, for the reason that the jury found, the railroad company guilty of only ordinary negligence. The verdict would be in the same form whether the jury regarded • the com *527 pany guilty of mere negligence, or of wilful and wanton negligence.
There is, therefore, nothing in the record to prevent the defense of contributory negligence from being- made unless it be true that such defense cannot be made in actions for negligently causing- death.
The action was brought under sections 6134 and 6135, Revised Statutes. At common law such an action could not be maintained. The action being the creature of the statute must be governed by the statute. Section 6134 is as follows:
‘ ‘Whenever the death of a person shall be caused ■by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued,) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances, as amount in law to murder in the first or second degree, or manslaughter.”
By this section it is provided that when death shall have been caused by such wrongful act, neglect or default as would, if death had not ensued, entitle the party injured to maintain an action and recover damages, the person ©r corporation causing- such injury, shall be liable to an action for damages. This section creates the liability of the person or corporation causing the injury, and limits the liability to cases in which the party injured, if living, could maintain an action for damages. Under this section anything- that would *528 prevent the party injured if living from recovering damages will prevent a liability for damages from arising against the person or corporation causing the injury. The liability is created by this section, and the liability arises only when the party injured, if living, could maintain an action and recover damages. Contributory negligence of the party injured is usually a defense to an action for damages; but in actions under this section, contributory negligence is not, strictly speaking, a defense, but prevents the liability to an action for damages from arising. The burden of proving that the liability has arisen, therefore, rests on the plaintiff.
Should a liability arise under this section, then the action for the recovery of damages for such liability is given by the next section, which is as follows:
‘ ‘Section 6135. Every such action shall be for the exclusive benefit Of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every action the jury may give such damages, not exceeding in any case ten thousand dollars, as they may think proportioned to the pecuniary injury resulting from such death to the per sons, respectively for whose benefit such action shall be brought. Every such action shall be commenced within two years after the death of such deceased person. Such personal representative if he was appointed in this state with the consent of the court making such appointment may at any time before or after the commencement of a suit settle with the defendant the *529 amount to be paid and the amount received by such personal representative whether by settlement or otherwise shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiaries and the laws of descent and distribution of personal estates left by persons dying intestate.”
The action given by this section is for the exclusive benefit of the wife or husband and children, or if there be none, then for the parents and next of kin.
The petition in this case avers that the deceased left his two parents as his next of kin surviving him and further avers that these parents have sustained damages by said wrongful death in the sum of $1,999.00. So that this action is brought and prosecuted for the exclusive benefit of the parents of the little boy, the same persons who admit by their demurrer that by their willful carelessness and negligent conduct they contributed toward the death of the little boy.
What shall cause a liability for damages to arise is carefully stated in section 6134, but what shall constitute a defense to an action for such liability is not defined in either section but is left to the same principles as in other like cases. The limitation of two years in which to bring the action is held in Railway v. Hine, 25 Ohio St., 629, to be a condition qualifying the right of action and not a mere limitation on the remedy. It is, therefore, not a defense in the proper sense but a necessary condition to the right of action.
While the action must be brought in the name of the personal representative of the deceased per *530 son, he has no interest in 'the recovery and the recovery is not for the estate of the deceased. So held in Steel v. Kurtz, 28 Ohio St., 191. The administrator is only a trustee for the beneficiaries and has no interest in the case for himself or the estate he represents. The statute does not even say that he shall' bring the action, but says that it shall be brought in his name for the exclusive benefit of the beneficiaries, in this case the parents. The great weight of the authorities is to the effect that in actions brought by a parent for the loss of the services of his child by reason of its wrongful or negligent injury by another, the contributory negligence of the parent will defeat his recovery. This was clearly held in this state in Railroad v. Snyder, 24 Ohio St., 67 and in very many other cases among which are the following: Beach on Con. Neg. Sec. 44; S. & R. on Neg., sec. 71; Pa. R. Co. v. James, 81 Pa. St., 194; Williams v. Texas &. P. R. R. Co., 60 Tex. 205.
As the parent cannot recover for loss of services when he himself .contributed to the injury which caused the loss, can the intervention of the personal representative, who is a mere trustee, having no interest either for himself or the estate he represents shield him from the' usual consequences of such negligence? I should say not. The damages for loss of services and those arising from the wrongful death are the same in principle and should be governed by the same rules as to defenses. The damages for wrongful death are such as are proportioned to the pecuniary injury resulting to the parent from death caused by such injury. Such is the provision of the statute. The damage for loss of services are the same, being the pecuniary loss resulting to the parent from *531 the injury to the child. If the parent by his negligence contributes toward the injury which causes the death of the child, he is equally guilty with the other party who by his negligence caused the injury; and when both parties, by their combined negligent acts, bring about an injury neither party can sustain an action for damages against the other.
To award damages to a parent guilty of contributory negligence in such case, would permit him to profit by his own wrong, and besides if would be in direct conflict with the universal rule as to contributory negligence.
The following authorities show that the administrator is a mere nominal party, • and that the action will be defeated by the contributary negligence of the beneficiaries.
In Woodward, v. Railway, 23 Wis., 400, the court says: “The administrator is a mere trustee, so made by statute with power to sue for the benefit of his cestui que trust or the person beneficially interested. He has no right except in virtue of the right of the real party in interest, and if the right of that party is lapsed or lost, so that no recovery can be hád upon it, it follows that the action can be no longer maintained.”
Booth on Street Railways, in section 391 says: “If the action is for the benefit of those relatives only who were guilty of negligence, their failure of duty should constitute a complete defense; for it would be unreasonable and unjust to permit them by an action of that kind, to recover damages for the loss of services of one whose life they had negligently sacrificed. But where there are surviving brothers and sisters, who by statute are made beneficiaries of the judgment jointly' with their-parents, and they were not at fault, it would seem *532 to be inequitable to impose upon the innocent the penalty which might justly be enforced against the guilty if they alone were interested in the fund. The question was directly presented in a case in Iowa where an action was brought by a father as the administrator of an infant son. The parents were clearly guilty of negligence directly contributing to- his death, but the court held that their negligence would not defeat a recovery although they had a direct pecuniary interest in his estate. But in many other cases decided elsewhere in which the same question was directly in volved, the courts have proceeded upon the theory that negligence of the parents which would defeat a recovery in an action brought by them constitutes an effectual bar to an. action brought by an-administrator for their benefit. ” The Iowa case above referred to is Wymore v. Mahaskee County, 78 Iowa 396 hereafter cited.
In section 69, in “Death by Wrongful Act, ” by Tiffany it. is stated that the contributory negligence of the beneficiary is a defense to the action, and many cases are cited in support of the proposition.
In Beach on Contributory Negligence, section 131, the rule is stated thus: “When an action for the negligent injury of an infant is brought by the parent, or for the parent’s own benefit, it is very justly held that the contributory negligence of such parent may be shown in bar of the action. This is only one phase of the general rule of contributory negligence to the effect that the plaintiff’s own negligence is a defense to his action.”
In Bamberger v. Citizens St. R. Co., 31 S. W. Rep., 163, the fifth syllabus is as follows: “A father who was guilty of contributory negligence *533 in respect to the injuries causing his child’s death, cannot recover therefor by suing as administrator, if he is the sole beneficiary.”
In those states like Virginia, Louisiana, Iowa, and perhaps others, in which the damages arising from the wrongful death survive and become a part of the estate of the deceased, and are inherited from the estate by the named beneficiaries as heirs, the contributory negligence of such heirs does not constitute a defense to an action brought by an administrator for the recovery of such damages, because the damages are part of the estate, and the estate is cast upon the heirs by operation of law. It was this principle that determined the case of Wymore v. Mahaska County, 78 Iowa, 396. 16 Am. St., Rep. 449, and that case and other cases founded upon the same principle, are therefore not applicable to the question here under consideration.
An estate will vest in the heir and be cast upon him by operation of law, even though the heir wrongfully causes the the death of the ancestor for the purpose of obtaining the estate. But it is otherwise as to a recovery for damages under our statute. While the liability is created by the statute, the damages do not become a part of the estate, and are not cast as an estate by operation of law upon the beneficiaries, but must be sued for and recovered by action; and in such action the usual defenses, including contributory negligence, can be interposed, unless otherwise provided by statute. Our statute has no provision on the subject, and hence it would seem to irresistibly follow that the defense of contributory negligence may be made in such actions. Such defense cannot be made as to the negligence of the administrator, *534 because he is a mere nominal party, and has no interest in the damages to be recovered. The contributory negligence of the deceased is not strictly speaking, a defense, but a condition which prevents the liability from arising. But the contributory negligence of the beneficiaries, who are to receive the damages, and for whose benefit the action is brought, in the name of the administrator, is clearly a defense to the action available to the person or corporation causing the injury. This must be so,.unless there is something in the wording of the statute, or in the course of trial of such actions, to require a contrary holding.
As the statute stood when Railway v. Crawford, 24 Ohio St. 631, was decided, the damages were assessed by the jury in a lump sum, for all the beneficiaries jointly, and all had to stand or fall together; and therefore it was held that the contributory negligence of one, should not defeat the action, because thereby those beneficiaries who were innocent, would be made to suffer for the negligent acts of one over whom they had no control, and for whose acts they were not in any manner responsible. A recovery was therefore permitted, even though one who was guilty of contributory negligence should share in the damages, thus bringing, the case within the principle that the rights of the innocent must be protected, even though thereby the guilty reap some benefit.
This analysis of the question is not very clearly made in 24 Ohio St., supra, but it is the ■only sound principle upon which that case can .stand. The case upon this question is meagerly reported, but the Conclusion reached was correct ;as the statute then stood.
*535 Shortly after the report of the Crawford ease, the statute was amended so as to require the jury to give such damages as they may think proportioned to the pecuniary injury resulting from’ such death to the persons respectively for whose benefit such action shall be brought. This word respectively requires the jury to assess the damages . for the beneficiaries distributively; that is, ascertain how much pecuniary injury each beneficiary singly has sustained, and then bring in a verdict in gross, made up of these single sums combined, the whole not to exceed ten thousand dollars.
The Standard Dictionary defines the word “respectively” as follows: “As singly or severally considered. Singly in the order designated. ’ ’ Webster defines the word “As relating to each.” The statute of Wisconsin gives the damages in such cases to the wife or husband, and in their absence to the lineal descendants and ancestors, and the court in construing the statute in Woodward v. Railway Co., 23 Wis., 400, say: “The damages must have been given in reference to the pecuniary injury and loss of the husband alone; and such is the obvious interpretation of the words in the last clause — ‘with reference to the injury resulting from such death to the relatives of the deceased specified in this section’ — which are to be understood distributively, and not' collectively, as counsel seem to suppose.” It therefore seems clear that in arriving at the total amount of damages to be awarded under the statute as amended, the jury should consider the pecuniary injury to , each separate beneficiary (not found guilty of con-; tributory negligence), but return a verdict for a gross sum, which sum should be distributed among *536 the beneficiaries not found guilty of contributory negligence. As to beneficiaries found guilty of contibutory negligence, no damages should be awarded on their account, and the jury should find in its verdict which, if any, of the beneficiaries were guilty of such contributory negligence. This would no more complicate the trial than is usual in trials for torts, in which it often occurs that some are discharged, and others held liable.
Take the case at bar, it may be that on the trial when the ease gets back into the common pleas it shall appear that the father of the little boy was free from all fault or negligence, and that the mother was guilty of negligence which contributed directly to the death. In such ease the jury should assess the damages, if any, which the father has sustained, and return , a verdict for that amount only, and award no damages whatever for the benefit of the negligent mother.
This construction of the statute is borne out by the latter part of section 6135 as to the distribution of the damages recovered. The damages are to be distributed “by the court making the appointment in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiaries, and the laws of descent and distribution of personal estates.” It can easily be seen that a young child in a helpless condition would sustain a much greater pecuniary loss from the death of a parent, than its brother or sister of. mature years, and settled in an ample and comfortable condition in life; and the jury in making up its verdict should assess more damages as to such child, than to its matured brother or sister. The court also would regard it as fair and equitable to *537 distribute to such child a sum proportioned to the loss by it sustained, having reference, to its age and condition as compared with the age and condition of the other beneficiaries.
It is therefore clear that the statute throughout is distributive in its character, and that the damage should be assessed only for the benefit of those who are not guilty of contributory negligence, and that when recovered the damages should be distributed by the probate court only among such as the verdict of the jury shall show to be entitled therto. This throws no clog in the way of the prosecution of the action by the administrator, and awards damages to those who are without fault, and does not reward those who contributed to the injury.
It is urged that the case of Davis v. Guarnieri, 45 Ohio St., 470, arose under the statute as amended, and that in that ^ease a recovery was sutained, notwithstanding the negligence of the husband, who was one of the beneficiaries, contributed directly to- cause the death. Prom the case as reported, it would seem that the question of contributory negligence of one of the beneficiaries, lurked in the record, but upon examining the record in that case, it clearly appears that no such question was made in the pleadings. An attempt was made in the answer to impute the negligence of the husband to the wife, and thereby defeat any recovery whatever, instead of reducing the recovery by with-holding damages from the husband, and awarding them only to the children, who did not contribute to the death of their mother. The case was reported as one in which an attempt was made to impute the negligence of the husband to the wife, and nothing whatever was said as to *538 whether the contributory negligence of the husband should serve to prevent damages being assessed for the pecuniary loss to him, caused by the wrongful death of his wife. The case is, therefore, not an authority upon the question presented in the ease at bar, and not in conflict with this opinion.

Judgment affirmed.