CORNELIUS ARCHDEACON *v.* CINCINNATI GAS & ELECTRIC COMPANY ET AL.

1. Conditions precedent required by law constitute a part of the cause of action, and must be performed before a cause of tion will accrue and remedial rights arise.  *A fortiori* is this true with respect to conditions precedent contained in a statute creating a right or duty unknown to the common law.

2. R. S., 6234 and 6135, creating a cause of action for death by wrongful act, and providing that such action shall be brought in the name of the personal representative of the deceased, etc., create a right and provide a remedy which did not exist at common law, and should be given effect according to the words used to accomplish the purpose intended.

3. The limitation of two years prescribed by R. S. 6135, within which an action must be brought by the personal representative of a deceased person to recover damages for death by wrongful act, is an essential condition of the right of action created by R. S. 6134, and begins to run against the beneficiaries, for whose exclusive benefit the right of action is created; and, once beginning, it continues to run on to completion without interruption.

4. The appointment or non-appointment of an administrator of the estate of a person whose death was caused by wrongful act, being a matter within the control of the parties in interest, the beneficiaries, has no effect upon the operation of the statutory limitation upon the cause of action given by R. S. 6134 and 6135.

5. It is a condition precedent to the right of action given by R. S. 6134, 6135, for death by wrongful acts, that there be an administrator in existence upon whom the right to bring the action may devolve; and where an administrator was not appointed until after two years from the time of decedent's death, within which time the action must be commenced, the cause of action is barred, notwithstanding application for the appointment of such administrator was made before statutory period had fully run. In such case, the appointment can not be made to date back to the time of the application. Hence, where an action was commenced by a person as administrator after an application for his appointment had been made, but his appointment as such was not perfected until after two years from the death of the decedent, the action will be dismissed.

HOSEA, J.

Heard on special answer in the nature of a plea in abatement and proof.

The defendant, by leave of court, filed in this cause an amended answer, setting up that the plaintiff is without legal capacity to maintain this action; and, upon motion to this effect, the cause has been heard upon the amended answer as upon a plea in abatement, for the reason that it raises an objection, independently of the merits of the cause, which is fatal to the action if the facts be proved and the legal consequences claimed to result therefrom be sustained; and was duly heard upon evidence taken and arguments of counsel thereon.

The facts shown are, that John Archdeacon came to his death on or before February 5, 1903, from causes claimed to be due to the negligence of the defendant company; that on February 5, 1903, Cornelius Archdeacon applied to the probate court to be appointed administrator, making oath that there were no assets except the right of action in this behalf; and it also appears that on March 28, 1903, he filed a petition, as administrator, in the present suit, to which the defendant answered, denying liability under the general issue.

It further appears that Cornelius Archdeacon did nothing further to perfect his application to be appointed administrator until March 10, 1905, after the cause had been set for trial—when he filed his bond in the probate court, and thereupon, on said March 10, 1905, letters testamentary were issued.

It is claimed in support of the plea that as the plaintiff here was not administrator in fact when the suit was brought, the proceedings therein were nugatory; and that when the plaintiff became administrator two years later, by perfecting his application and obtaining letters of administration on March 10, 1905, the cause of action had abated by the statutory limitation, and could not be revived, and that, consequently, the plaintiff is without capacity to sue.

Against the plea it is claimed that, the statute in this

behalf being remedial, all proceedings under it are to be construed liberally; that the power and the authority of an administrator upon appointment relate back to the time of death, or, at least, to the date of application, and thus cure the defect of premature action. Also, that, by answering, the defendant waived all objections, and is bound thereby, because the defect was a matter of public record which implies notice.

It may be admitted that under ordinary circumstances of equitable procedure the questions here would seem to be resolvable against the plea, provided the matter is one admitting of application of purely equitable considerations.

The statute in question, R. S., 6134, 6135, was originally passed March 25, 1851, and subsequently amended. The portions involved in the present consideration will be found in R. S., 6135, as follows:

"Every such action shall be for the exclusive benefit of," etc. (indicating beneficiaries), "and it shall be brought in the name of the personal representative of the deceased person; * * * shall be commenced within two years after the death of such deceased person."

It is an established principle that conditions precedent, required by law, constitute part of the cause of action; and strictly, therefore, must be performed before the cause of action will accrue and the remedial right arise. This is invariably true of conditions precedent contained in a statute creating a right or duty unknown to the common law. *Pawlet* v. *Sandgate,* 19 Vt., 621; *Weeks* v. *O'Brien,* 141 N. Y., 199 (36 N. E. Rep., 185); *Bradley* v. *Kroft,* 19 Fed. Rep., 295.

The statute in question is of this character; it gives a right and a remedy which did not exist at common law, "and should have effect given to it according to the words used in it to accomplish the purpose intended." *Steel* v. *Kurtz,* 28 Ohio St., 191, 193.

"The action being the creature of the statute must be governed by the statute." *Wolf* v. *Railway,* 55 Ohio St., 517, 527.

In *Wolf* v. *Railway, supra,* page 533, it is also held that while an estate will vest in the heir by operation of law, "it is otherwise as to a recovery for damages under our statute. While the liability is created by the statute, the damages do not become a part of the estate, and are not cast as an estate by operation of law upon the beneficiaries, but must be sued for and recovered by action."

In *Helman* v. *Railway,* 58 Ohio St., 400, 409, it is held that the statute created no new liability upon the death of the party, but in effect removed the common-law bar of abatement by death and the right of action accruing to the party for the injury, and devolved it upon the administrator in succession; and that, in consequence, the administrator and beneficiaries stand in relations of privity with the deceased in respect of such right.

It follows, therefore, that the limitation of two years is an essential condition of the right of action, and begins to run against the beneficiaries, for whose exclusive benefit the right of action is given; and, once beginning, it runs on to completion without interruption. *Granger* v. *Granger,* 6 Ohio, 35, 42.

The appointment or non-appointment of an administrator, therefore, being a matter within the control of the parties in interest, can have no effect upon the operation of the statutory limitation upon the cause of action.

The administrator is a mere trustee, in whose name the action must be brought. He has no right in the matter except in virtue of the right of the real parties in interest. If the right of the legal beneficiaries is lapsed or lost, so that no remedy can be had upon it, it is manifest that the action can be no longer maintained. *Woodward* v. *Railway,* 23 Wis., 400, cited and approved in *Wolf* v. *Railway, supra,* page 531.

In a word, therefore, the beneficial interest in the subject-matter of the right of action passed in succession to the beneficiaries by virtue of the statute, immediately upon the death; but the right to institute the action remained in suspense as an incident of the cause of action until the appointment of the administrator. But in the present

cause the administrator did not come into existence, as such, until March 10, 1905—more than two years after the death of the injured party; at which time the right of the beneficiaries had lapsed, and , consequently, the cause of action was never legally completed.

It is fundamental that a plaintiff must have a right of action before bringing suit; and to constitute a right of action there must be a party entitled to institute process. App., 421; *Stratton* v. *Railway,* 74 Me., 422; *North Branch Pass. Ry.* v. *Railway,* 38 Pa. St., 361; *Maia* v. *Hospital,* 97 Va., 507 (34 S. E. Rep., 617; 47 L. R. A., 577); *Patterson* v. *Patterson,* 59 N. Y., 574 (17 Am. Rep., 384); Angel, Limitations, Chap. 7.

By the statute the right to institute action is vested in the administrator—by virtue of his capacity as such—and not in the individual. It is, therefore, a condition precedent to the right of action that an administrator be in existence, upon whom this right may devolve. This is very fully established in the case of *Weidner* v. *Rankin,* 26 Ohio St., 522, brought by the widow and children.

In that case the defendant moved to vacate a verdict and judgment against him and for judgment *non obstante veredicto,* on the ground that plaintiffs were not authorized to sue. In the Supreme Court it was claimed by plaintiffs in error that the action was in the name of the real parties in interest; that the statute being remedial should be liberally construed; and that defendant had waived objections by failing to demur or answer specially. On the other side it was urged that the remedy was purely statutory; that, being in derogation of the common law, the statute must be strictly construed; and that the defect was not merely want of capacity to sue, but want of a cause of action. The court held with the defendant, first, that the right of action vested in the personal representative and not in the beneficiaries; also that the petition must contain a cause of action in favor of plaintiff, and that the objection was not waived by defendant by failure to demur, although the facts stated might construe a cause of action in favor of one not a party to the suit.

The application of these principles to the case at bar is manifest and conclusive. There was no cause of action in the plaintiff at the commencement of the suit. He had no right to bring suit,* nor power to institute process. Had the defect been cured before the right in the beneficiaries lapsed, it is possible that by liberal construction a *nunc pro tunc* effect could have been given to his subsequent completion of his appointment; and this principle is the principle disclosed in many of the authorities cited by the plaintiff here in support of the argument; but in the case at bar there was no cause of action existing when the correction was made, because the beneficiaries were legally defunct. In other words, the cause of action had lapsed, and, consequently, could not be revived. *Johnson* v. *Railway,* 7 Ohio St., 336, 339, 340. Consequently, the attempt to correct was of no legal effect.

The point is further made evident in *Pitts., C. & St. L. Ry.* v. *Hine,* 25 Ohio St., 629, wherein it is held that the limitation of two years "is a condition qualifying the right of action, and not a mere limitation on the remedy."

Also in *Wolf* v. *Railway, supra,* page 527, in which *Railway* v. *Hine, supra.* is approved and the matter restated briefly thus, page 529:

"It is, therefore, not a defense in the proper sense, but a necessary condition to the right of action."

That is to say: it is not a mere matter of defense that can be waived by a defendant, but is jurisdictional, because it inheres as a condition precedent in the right of action.

Upon the facts, therefore, and upon the law as clearly set forth by our Supreme Court, I am constrained to hold the plea good, and must, therefore, sustain the same.

Judgment for defendant, dismissing the petition.

*D. T. Hackett* and *W. A. Rinckhoff,* for plaintiff.
*Outcalt & Foraker,* for defendant.

---

*Administrator has no power to act before the grant of letters; his power is derived exclusively from his appointment. Woerner, Administration, Sections 409, 383.