Flora E. Hammond, Administratrix,

*vs.*

Lewiston, Augusta and Waterville Street Railway.

Kennebec.    Opinion December 7, 1909.

*Death.    Wrongful Death.    Liability.    Effect of Statute.    Process.    Writ.    Statute, 1891, chapter 124.    Revised Statutes, chapter 89, sections 9, 10.*

At common law and independent of statute no right of action exists for loss of life.

Revised Statutes, chapter 89, sections 9, 10, giving a right of action for wrongful death for the benefit of specified relatives, to be sued on within two years, create a single cause of action which vests immediately and finally at the time of the death in the statutory beneficiary, and not when suit is brought or recovery is had, and hence, on the death of decedent without children, the cause of action vested in his widow, and could not be transferred to any other beneficiary by her death or failure to sue.

A writ must show for whose benefit suit is brought.

On report.    Plaintiff nonsuit.

Action under Revised Statutes, chapter 89, sections 9 and 10, relating to the death of a person caused by "wrongful act, neglect or default." The plaintiff's declaration is as follows:

"In a plea of the case for that the said defendant on the fifteenth day of October, 1908, at said Winthrop, was a Street Railway Company engaged in operating its passenger cars on its tracks through the town of Winthrop, crossing at grade the highway from Augusta to Winthrop at a point several hundred feet east of the junction of the Baileyville Road, so called, with said Augusta and Winthrop highway, and the plaintiff's intestate was then and there, in the exercise of due care, driving easterly along said Augusta and Winthrop highway and crossing the track of the defendant; yet the defendant so carelessly and negligently operated one of its said cars that said car struck the said plaintiff's intestate and the carriage in which he was driving and ran over him and immediately killed him ; and the plaintiff avers that the death of said Harold E. Martin was caused solely by the wrongful act, neglect or default of said defendant, and that said act, neglect of default was such as would, if death had not ensued, have entitled said Harold E. Martin to maintain an action against said defendant and recover damages in respect thereof; and the plaintiff further avers that there is living no widow or child of said Harold E. Martin and that this action is brought for the benefit of Flora E. Hammond aforesaid, who is the only heir-at-law of said Harold E. Martin." Writ dated January 30, 1909.

The defendant demurred and also filed a motion to dismiss and also a motion to abate, each of said motions being based on the following reasons:

"1.    That on said fifteenth day of October, A. D. 1908, the said Harold E. Martin then had a widow living and no child.

"2.    That said widow has since deceased and was not living at the date of the writ.

"3.    That said alleged cause of action did not survive for the benefit of said Flora E. Hammond."

By agreement of the parties the case was reported to the Law Court "to determine whether the action shall stand for trial or entry be made 'Plaintiff nonsuit.'"

The case is stated in the opinion.

*Williamson & Burleigh,* for plaintiff.

*Heath & Andrews,* for defendant.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

CORNISH, J. This is an action brought under R. S., ch. 89, sections 9 and 10, by the administratrix of the estate of Harold E. Martin for the benefit of herself as his sole heir at law at the date of the writ. Plaintiff's intestate was instantaneously killed by being struck by a car of the defendant at the date alleged in the declaration. He left a widow but no children. Subsequently the widow died, no administration then having been taken out upon her husband's estate and no suit having been brought for her benefit. After the death of the widow, the plaintiff, the sister of said Martin and his sole heir at law, was appointed administratrix of his estate and began this action. The case comes to the Law Court on report and the single question presented is whether on the foregoing facts, this action, if maintainable on the merits, can be maintained for the benefit of the plaintiff as such sole heir. If it can be maintained the action is to stand for trial, if not, the entry of plaintiff nonsuit is to be made.

The language of R. S., ch. 89, secs. 9 and 10, which is the basis of this action, is as follows:

Sec. 9. "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as shall amount to a felony.

Sec. 10.   "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of his widow, if no children, and of the children, if no widow, and if both, then of her and them equally, and, if neither, of his heirs.   The jury may give such damages as they shall deem a fair and just compensation, not exceeding five thousand dollars, with reference to the pecuniary injuries resulting from such death to the persons for whose benefit such action is brought, provided, that such action shall be commenced within two years after the death of such person."

It is conceded that at common law no remedy by action existed for loss of life.   The right of action set up by the plaintiff is a pure creature of statute and upon the fair construction of that statute this action stands or falls.   The plaintiff's contention is that section 9, creates a new right and therefore should be construed strictly, as this court has heretofore interpreted it, limiting its scope to cases of immediate death, including cases of both instantaneous death and of total unconsciousness following immediately upon the accident and continuing until death.   *Perkins* v. *Paper Co.*, 104 Maine, 109.   But the plaintiff further contends that section 10, determining in whose name and for whose benefit, the action should be brought, should be construed liberally, and that, applying such liberal construction, it may be said to have been the intention of the legislature in this section first to vest a right of action in the administrator of the deceased absolutely, and secondly and of less importance to provide for the distribution of the damages so recovered. In other words the plaintiff's position is that the administrator is given a right of action in any event and the beneficiaries should be determined, not as of the date of the death but of the recovery. Such a construction cannot be adopted as it strains the language of the statute beyond its tensile strength.   Sections 9 and 10 are not independent acts of the legislature but allied sections of one and the same act, passed originally as chap. 124 of the Public Laws of 1891.   One is not to be construed strictly and the other liberally, but both are to be construed together and as they create a liability

unknown to the common law, their effect is to be limited to cases clearly within the terms of the act. No right of action is to be inferred and no remedy is to be given except as specified in the statute. "It is a general principle of construction that where a right is given by statute and a remedy provided in the same act, the right can be pursued in no other mode." *Flatley* v. *R. R. Co.*, 9 Heisk (Tenn.) 230 ; *Loague* v. *R. R. Co.*, 91 Tenn. 458, 19 S. W. 430.

The language of the statute under consideration is plain and unambiguous. Some beneficiary named therein must exist at the time of the death of the deceased, otherwise no right of action arises. The suit is not for the benefit of the estate and creditors have no interest in it. True, such suit is brought in the name of the administrator but he is merely the nominal party and acts as trustee. The legislature could have given the right directly to the widow or children or heirs, had it seen fit to do so, as the legislatures of some States have done. But if none of the beneficiaries exist at the time of death, no right of action is created. *Ea. Tenn. R. R. Co.* v. *Lilly*, 90 Tenn. 563, 18 S. W. 243 ; *Cooper* v. *Shore Electric Co.*, 63 N. J. L. 558, 44 At. 633 ; *Topping* v. *St. Lawrence*, 86 Wis. 526, 57 N. W. 365.

Under section 10, the party for whose benefit the action is brought depends upon the nature of the family that is left, and four different conditions are provided for, widow without children, children without widow, widow and children, heirs at law. But in any event the immediate, absolute and final vesting of the right occurs at the time of the decease, not at the time of bringing suit or of recovery. The beneficiaries have a right of action then or not at all and the facts of each particular case determine which beneficiaries have the right. If there is a widow as here, she has the sole and exclusive right. It belonged to her immediately upon the death of her husband and could not be transferred to any other beneficiary either by her death or failure to bring suit. The statute provides for several possible claimants but the facts in each case determine which of them is the actual and sole claimant. There is no life interest in the widow with a remainder over to the heirs at

law.　One action is granted, not several.　When the husband died the sister had no cause of action and the death of the widow has not given her one.　It is well settled that the writ must show for whose benefit the action is brought.　*Oulighan* v. *Butler*, 189 Mass. 287 ; *Louisville R. R. Co.* v. *Pitt*, 91 Tenn. 86, 18 S. W. 118.　The same was true of an indictment when that was the statutory remedy.　*State* v. *Grand Trunk Ry. Co.*, 60 Maine, 145, because the judgment must follow the writ in the one case and the indictment in the other and the amount recovered passes to the beneficiary named, the administrator in the one form of procedure and the State in the other acting merely as a trustee or conduit.

Again the cause of action accrues at death by the very terms of the statute.　The last clause of section 10 makes the two years limitation, within which suit can be brought, begin at that time. Whoever has a cause of action under this statute has two years within which to bring it.　Can it be that if a widow is left who survives her husband one year and eleven months, the heirs would then have a right of action but only one month in which to enforce it.　The absolute vesting of the right in some beneficiary at the time of death is further apparent from the fact that the damages vary according to the relationship of the deceased to the beneficiary and the dependence of the latter upon the former.　"The injury for which damages can be recovered must be wholly to the beneficiaries themselves and it is limited to the pecuniary effect of the death upon them."　*McKay* v. *Dredging Co.*, 92 Maine, 454.　The pecuniary effect of the death of a husband upon his widow and therefore the damages recoverable in an action for her benefit would differ materially from the pecuniary effect of his death upon remote heirs at law, and from the damages recoverable by them.

Authorities from other States are helpful only as they are based on statutes similar to ours, but the principle of the exclusive right in the first taker, is followed under analogous statutes in *Woodward* v. *N. W. Ry. Co.*, 23 Wis. 400 ; *Schmidt* v. *Menasha Wooden Ware Co.*, 99 Wis. 300, 74 N. W. 797 ; *Loague* v. *Memphis, etc., R. R.*, 91 Tenn. 458, 19 S. W. 430 ; *Bean* v. *Louisville R. R.*, 94 Tenn. 388, 29 S. W. 370 ; *Sanders* v. *Louisville*

*R. R.*, 111 Fed. 708, in all of which it was held that a pending action for the benefit of the widow abated at her death, under the statutes of those States governing survival of actions; and in *Cooper v. Shore Electric Co.*, 63 N. J. L. 558, 44 At. 633, where it was held that such action did not abate but the injury sustained would be limited in duration and extent to the lifetime of the beneficiary. The question of survival or abatement, however, is not under consideration at this time.

Under the peculiar provisions of Lord Campbell's Act in England which, in its general scope, is the foundation of the legislation in the various states of this country, the right of action vests at once for the benefit of each and all of the persons entitled to receive any part of the money recovered and may be maintained so long as any one of such persons survives, the amount recovered being apportioned among the various parties "in such shares as the jury by their verdict may direct." *Blake* v. *Midland Ry.*, 18 Q. B. 543; *Woodward* v. *Chicago & N. W. Ry. Co.*, 23 Wis. 400. In the case last cited, which arose under a statute providing that the amount recovered should be paid over to the husband or widow, if such relative survived, if not, then to lineal descendants, and if none then to lineal ancestors, the deceased left a husband and a child. The court notes the clear distinction between actions under that statute and the statute of Wisconsin which in this respect is similar to the statute in Maine as follows:

"While it is apparent, under the English and New York statutes, that the right of action vests at once for the benefit of each and all of the persons entitled to receive any part of the money recovered, and may be maintained so long as any one of such persons survives, it is equally apparent by our statute, that it vests only *for the benefit of the husband or widow*, in case the deceased leaves such surviving relative; and if no such relative survives at the time of the death, the action may be prosecuted for the benefit of the lineal descendants of the deceased; and in default of these, then for the benefit of his or her lineal ancestors. The language of the statute is so plain, that there seems to be no room for argument as to its meaning. In this case, the deceased, who was a married woman,

left a husband, who survived until some time after this action was commenced.   Upon her death, therefore, the right of action, by the statute, vested solely and exclusively for the benefit of her husband. He alone was entitled to the amount to be recovered, and could hold and dispose of the same at pleasure.   The lineal descendants and ancestors of the deceased had  no  interest whatever in  the  action, and the damages to be recovered could not be estimated with reference to the  pecuniary injury, if any, resulting to them, or any of them."

The statutes of New York and Pennsylvania and some other States follow Lord Campbell's act closely in  the same  respect.  In some of the States, as in North Dakota  and Colorado, the  statute provides that if the  beneficiary first  entitled does not  exercise  the right of action within a given time, the next class  after due notice to the  former, may be  substituted.   *Harshman* v. *No. Pac. Ry. Co.*, 14 N. D. 69, 103 N. W. 412; *Hooper* v. *Denver R. G. R. R.*, 155 Fed. 273.   This emphasizes the necessity of a positive statute in order to effect such substitution.

Our attention has been called to  only one case as  sustaining  the contention of the plaintiff.   *Morris* v. *Spartanburg Ry.*, 70 S. C. 279, 49 S. E. 854.   That case was based upon a statute more nearly resembling that of  England, New York  and Pennsylvania, above referred to and suit  having been  brought for the benefit of all the beneficiaries,  the  court held  that the  action  did not  abate because of the  death of the  father, pendente lite, although had he survived he would have been the sole beneficiary.   It may therefore properly be distinguished from the case at bar.

Further  discussion is  unnecessary.   The construction contended for by the plaintiff wrenches too violently the plain language of the statute, while that  adopted  follows  its  natural and  reasonable meaning.   It is  therefore the opinion of  the  court that this action cannot be maintained and according to the stipulation, the entry must be,

*Plaintiff nonsuit.*