Pollock, J.
The defendant, The Mahoning Valley Railway Company, was, on August 27, 1915, operating an electric street railway over the streets of the village' of Girard, and on that date plaintiff’s intestate, Fred H. Garrard, was riding on a motorcycle, attached to which was a side car in which his wife, Clara Garrard was riding. While Garrard was driving his motorcycle along the streets of this village, it came into collision with one of the electric cars of the defendant company, causing the death of both himself and wife.
This action was brought by his administrator to recover damages from the defendant for- the benefit of Garrard’s father, mother, and brothers and sisters, claiming that the collision which resulted in his death was caused by defendant’s negligence.
There was an issue joined by the answer to the petition, denying plaintiff’s right to recover for the beneficiaries named in the petition and the negligence alleged therein.
Afterwards, the case went to trial, and at the close of the plaintiff’s testimony, defendant, by motion, asked' the court to direct a verdict on the ground that the persons for whose benefit the action was brought had no interest in a recovery. The court sustained the motion, and this action is prosecuted to reverse the judgment of the court below .for error in sustaining that' motion.
It developed in the testimony that Fred Garrard, at the time of his death, had no children, and that his wife, who was injured in the accident, lived some hours after his death, but died without any action having been brought for her benefit *39 to recover damages for her husband's death. Before the bringing of this action Mrs.' Garrard had died, and it was brought for -the benefit of his father and mother and brothers and sisters, as before stated.
The right to maintain an action to recover damages from another for his wrongful act which causes death is given by - Section 10770, General Code. Section 10772, General Code, designates the persons for whom such action may be maintained, and reads, so far as necessary in this case, as follows:
“Sec. 10772. Such actions shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death was so caused.
“It must be brought in the name of the personal representative of the deceased person and the jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought."
The legislature, by this section, separated the persons for whom a recovery could be had into two classes: first, the recovery is for the benefit of the wife or husband and children; then, second, if there 'be neither of them, for the parents and next of kin of the deceased. The cause of action accrues at the death of the person injured by the negligence of another, and the rights of the beneficiaries are fixed and determined at that time.' At the time of the death of. Garrard his wife was the sole beneficiary under this statute. His parents. *40 and brothers and sisters had no pecuniary interest in the damages that might be recovered for his wrongful death. An interest in their favor could not arise at the death of Fred Garrard when at the time his wife was living. It is only by reason of her death that they can claim any interest in a recovery for his wrongful death. Change of a liability already vested could not be effected by a death after the decease of Fred Garrard.
In Doyle, Admx., v. The Baltimore & Ohio Rd. Co., 81 Ohio St., 184, the plaintiff administratrix brought suit against the defendant to recover damages for the wrongful death of her husband, alleging that he left no children and that she was the sole beneficiary. The case was tried in the court of common pleas, and a judgment recovered. Error was then prosecuted to the circuit court and there the judgment of the common pleas court was reversed, and from that judgment error was prosecuted to the supreme court, where the judgment of the circuit court was affirmed. While the proceedings were pending in the supreme court, the wife died. An administrator de bonis non was appointed, and the action revived in his name. The action was remanded to the common pleas court, and there amended pleadings were filed, which developed the fact 'that the wife, Mary Doyle, at the death of her husband, was his sole heir and next of lcin, that he left no children or parents, that he had some collateral heirs, and that the mother of said widow survived her. The court held that according to the provisions of Section 6135, Revised Statutes (now Section 10772, *41 General Code), after the death of said widow there remained no statutory beneficiary:
“Unfortunately there is no provision of the statute, that upon the death of Mary Doyle, the exclusive beneficiary in the suit, the right of action shall vest in some other next of kin of John Doyle, who at the time the cause of action herein accrued, had no interest in it.”
It will be noticed that the difference between the case just referred to, and the case now before us, is that on the death of the husband in the cited case there was no person left, who could be a beneficiary under the statute except his wife; while in the instant case, at the time of the husband’s death, his wife survived him, and 'he also had parents and brothers and sisters. But under the provisions of the statute, none of these at that time could receive any benefit from his wrongful death except his wife.
This case does not dispose of the question we have here, but it is helpful in determining the limitations that should be placed upon this statute. Price, judge, referring to Section 6135, Revised Statutes, says at page 191 of the opinion:
“Section 6135, supra, provides that where there is no wife or husband, and no children, the action shall be for the benefit (exclusive) of ‘the parents and next of kin of the person whose death shall he so caused/ In this case, there was a widow but no children, so that the clause relating to the right of 'parents and next of kin’ of the deceased husband has had no field for operation.”
*42 And again on the following page he says:
“Unfortunately there is no provision of the statute, that upon the death of Mary Doyle, the exclusive beneficiary in the suit, the right of action shall vest in some other next of kin of John Doyle, who at the time the cause of action herein accrued, had no interest in it.”
To now hold that the action could be maintained for the benefit of the parents and brothers and sisters would be giving them a right to recover for damages in which they had no interest, and which did not accrue at,the time of Garrard’s death, but only arose after and by reason of the death of the wife.
The supreme court of Maine, in the case of Hammond v. Lewiston, A. & W. Ry. Co., 106 Me., 209, 76 Atl. Rep., 672, under a statute, so far as the beneficiaries are concerned, somewhat similar to our own, held that the cause of action vested in the statutory beneficiary immediately and finally at the death, and not when suit was brought; and, hence, on the death of the beneficiary, could not be transferred to any other beneficiary, on her failure to sue.
To the same effect are: Woodward, Admr., v. The Chicago & Northwestern Ry. Co., 23 Wis., 400; Dillier v. Cleveland, C., C. & St. L. Ry. Co., 34 Ind. App., 52, 72 N. E. Rep., 271, and Loague v. Memphis & C. Rd. Co., 91 Tenn., 458, 19 S. W. Rep., 430.
Our attention has been called to the rule announced by our supreme court that “in applying these statutes • the courts should give effect to the sound and wholesome humanitarian policies de *43 signed to be promoted by .their enactment.” Ranson, Admr., v. The New York, Chicago & St. Louis Rd. Co., 93 Ohio St., 223.
The principle thus announced by the supreme court should control the court in applying this statute, but these statutes create new rights which did not exist at common law, and at least only ‘the ordinary and usual meaning to be drawn from the language used is as far as the courts should go in permitting a recovery.
The courts should neither add to nor take from the statute in order that a judgment may be obtained for the benefit of parties who had no beneficial interest in a recovery at the time the cause of action accrued.
The legislature, in passing this act, was attempting to provide compensation for the loss which the parties named in the statute would sustain by reason of the wrongful death. It does not provide for a recovery by an administrator for the benefit of the decedent’s estate, but provides that the recovery shall vest in the wife or husband and ■children. These are the persons who ordinarily suffer pecuniary loss by the death of either the father or the mother. Ordinarily it is only in case the deceased has no husband or wife or children that t'he parents or brothers and sisters suffer pecuniary loss from his death. No doubt for that reason the legislature has provided for the two classes of persons receiving benefits from wrongful death.
It has not been the policy of the legislature of this state to provide for a recovery for the benefit of either collateral heirs or creditors; and this *44 seems to be the policy of the law-making power in other states.
So far as we have been advised the decisions of the courts in other jurisdictions are in harmony, excepting the case of Morris v. Spartanburg Ry., Gas & Elec. Co., 70 S. Car., 279, 49 S. E. Rep., 854. The court in this case seems to have taken a different view, but we do think the weight of authority and better reasoning are in harmony with the cases we have cited.
We think a plain reading of these statutes prevents the prosecution of the action in the court below 'to recover for the unlawful death of Fred Garrard, his wife having survived him, and the judgment of the court below is affirmed.

Judgment affirmed.

Metcalfe and Farr, JJ., concur.