**Mary OGDEN**

v.

**James W. BERRY.**

Supreme Judicial Court of Maine.

Argued Jan. 18, 1990.
Decided April 11, 1990.

James F. Freeley, Jr. (orally), Boston, Mass., John E. Harrington, Jr., Winterport, for plaintiff.

George Z. Singal and Daniel A. Pileggi (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Mary Ogden, as personal representative of the Estate of Linwood Ogden, appeals a summary judgment entered in Superior Court (Piscataquis County, *MacInnes, A.R.J.*) in favor of James Berry, M.D., in a wrongful death action based on medical malpractice. After the chairman of the prelitigation screening panel, by agreement and pursuant to 24 M.R.S.A. § 2853(5) (Pamph.1989), granted Berry's motion to litigate the statute of limitation issue before submitting the case to the panel, the court ruled that Ogden's action is barred by the medical malpractice statute of limitation. We affirm.

Linwood Ogden consulted James Berry for medical services from 1981 to early 1983. Ogden died on August 2, 1986. On July 29, 1988, the personal representative filed a notice of her claim of professional negligence against Berry. The two-year medical malpractice period of limitation then in effect had expired prior to Ogden's death. (Because the notice of claim was filed prior to August 1, 1988, the two-year period contained in 14 M.R.S.A. § 753 (1980) (repealed by P.L.1985, ch. 804, § 13) applies rather than the three-year period applicable to actions for professional negligence under 24 M.R.S.A. § 2902 (Pamph. 1989). P.L.1985, ch. 804, § 22.) On January 20, 1989, the personal representative filed this complaint for Ogden's wrongful death, as well as his pain and suffering and medical expenses. The two-year period of limitation contained in Maine's Wrongful Death Statute, 18–A M.R.S.A. § 2–804(b) (Supp.1989), had not expired when the complaint was filed due to the tolling provisions in 24 M.R.S.A. §§ 2903(2) and 2859 (Pamph.1989).

Mary Ogden's cause of action was created by the wrongful death statute and it accrued, if at all, when Linwood Ogden died. *See Hammond v. Lewiston, Augusta and Waterville Street Railway,* 106 Me. 209, 214, 76 A. 672 (1909). The issue before us is whether the expiration of the two-year medical malpractice limitation period in section 753 before Ogden died prevents the accrual, at his death, of the personal representative's wrongful death claim. For two reasons, we hold that it does.

First, although the medical malpractice statute of limitation is not directly applicable to the wrongful death action, enactments in the area of medical malpractice before this action was begun indicate that the Legislature wanted to protect the medical profession from stale claims, while affording the opportunity to injured parties to pursue meritorious claims. 14 M.R.S.A. § 753 (1980); 24 M.R.S.A. §§ 2501–2905 (Pamph.1989); *Myrick v. James,* 444 A.2d 987, 994–95 (Me.1982). To permit a wrongful death action to be brought despite the expiration, before the death of the potential malpractice plaintiff, of the period of limitation on the medical malpractice cause of action would expose defendants to claims that may arise many years after the accrual of the malpractice action and long after the medical malpractice plaintiff lost any right to pursue the action.

Second, a wrongful death action is essentially a derivative claim, based on a separate cause of action belonging to the decedent. *See Danforth v. Emmons,* 124 Me. 156, 159, 126 A. 821 (1924). During his lifetime the decedent could have brought suit and won, lost or settled his claim and thereby extinguished any rights of the

wrongful death plaintiff. The decedent's inaction in allowing the malpractice period of limitation to expire during his lifetime barred the derivative wrongful death claim.

The entry is:

Judgment affirmed.

All concurring.