# Southern Ry. Co. *v*. Shipp, Administrator.

*Action for Death of Person on Track.*

(Decided Feb. 26, 1910.  Rehearing denied June 30, 1910.
53 South. 150.)

1. *Railroads; Persons on Track; Complaint.*—Complaint alleging that while plaintiff's intestate, a child six years old, was attempting to cross behind a train to reach the depot in the village, the trainmen wilfully, wantonly, without warning or signal, suddenly and violently backed the train against intestate, and as a proximate consequence of such negligence intestate was killed; that the trainmen knew or by the use of ordinary care could have known of intestate's attempt to cross the track, and that the path on which the intestate was killed, had been frequently and continuously used for many years with the knowledge of the company's employees and agents, was not insufficient as failing to show a duty to keep a lookout or to give warning or for failing to show that omission of warnings proximately caused the injury.  (Sec. 3440 and 3443, Code 1896.)

2. *Same; Duty to Pedestrians.*—Section 3440, Code 1896, fixes a duty to a parent and child who attempted to walk along a path crossing a track to a depot in the village.

3. *Same; Moving Train; Warning.*—The duty on the engineer enjoined by section 3440, Code 1896, applies to movements backward as well as forward.

4. *Same; Evidence.*—As to the degree of care required at that particular point, it was competent for plaintiff to show that people frequently passed or crossed to said point, the suit being against a railroad for the death of a pedestrian struck by a backing train, while walking across a track on a path.

5. *Same; Jury Question; Instruction.*—Contributory negligence not being available in defense to the action here the court properly refused to direct a verdict for the defendant.  (Secs. 3440, and 3443, Code 1896.)

6. *Death; Child; Recovery by Parent.*—In the absence of wanton or wilful injury, a parent cannot recover in his own right for the death of his infant, if his own negligence contributed thereto, but when suing as an administrator the contributory negligence of the parent does not defeat recovery, although the parent will be a beneficiary.

7. *Charge of Court; Abstract Instructions; Stop, Look and Listen.*—Where the undisputed evidence showed that there was no approaching train at the time plaintiff attempted to cross the track, charges that before attempting to cross the track, one must stop, look and listen for approaching trains, were properly refused as abstract.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by C. W. Shipp, as administrator for damage for death of intestate, against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear from the opinion. The counts of the complaint, after setting forth the facts as they appear from the opinion, allege negligence as follows: (1) "That while said train was standing still at said depot and station, plaintiff's intestate, a minor six years of age, started across the track at the rear end of the train to go to the depot at said station; and plaintiff avers that, as his intestate started across said track, the agents and servants of defendant in charge of said train willfully, wantonly, or intentionally backed said train on intestate and killed him." (2) "That the servants and agents of the defendant then and there in charge of said train, without warning or signals that they were going to back said train, negligently backed said train suddenly and violently on plaintiff's intestate and killed him, and the death of plaintiff's intestate was proximately the consequence of said negligence." (3) Alleges "that the servants or agents knew or by the exercise of reasonable care and prudence could have known, of the attempt of plaintiff's intestate to cross the tracks, and so knowing, and without warning or signal, negligently backed the train," etc. (4) Alleges the frequent and continuous use of the way for many years to the knowledge of defendants' servants and agents of such use of the way, and the negligent backing of the train without warning. (5) Practically the same as 4. (6) Practically the same as 4. Complaint A states the same facts as inducements, with the additional allegation that, in going to and returning from the depot, people

were accustomed to cross the track of said railroad at the point at which plaintiff's intestate was killed, with frequency and in such numbers as it was likely that persons would be on the track in passing around said freight train while it was stopped at that depot; that the servants and agents of the defendant knew of this fact, and knew that it was likely that some person would be on the track of the said railroad, around the rear of said train, while said train was at the depot; but, notwithstanding this knowledge, said servants or agents in charge of said train, in reckless disregard of the safety of such persons, and without any signal or warning, suddenly and violently backed said train, etc.

The following charges were refused to the defendant: (A) "Although a person approaching a railroad track has a right to cross the track, yet it is his duty, before attempting to cross, to stop, look, and listen for approaching trains, and if he sees a train approaching, or ready to move, it is his duty to let it pass before attempting to cross." (5) "Under the evidence in this case, I charge you that, under the statutes of Alabama, defendant was not required to blow the whistle or ring the bell before backing said train."

PAUL SPEAKE, and LAWRENCE D. BROWN, for appellant. There was no duty to keep a special lookout at the place.—*Glass v. M. & C. R. Co.,* 94 Ala. 586. Wantonness or intention could never be imputed to the employees of a railroad unless they actually knew the perilous position of the person on the track, and with such knowledge, failed to use every reasonable effort to avert the consequences.—*E. T. V. & G. R. R. Co. v. King,* 81 Ala. 179; *L. & N. v. Mitchell,* 134 Ala. 261, and cases cited. Section 3440, Code 1896, does not require the statutory signal before backing a train and in order to avail

of this section the complaint should allege facts showing some necessity for a warning at the time and place of the injury. Counts 2 and 6 do not do this.—*Copeland's Case,* 61 Ala. 380. The warnings would have been unavailing as the child was shown to have been under age of comprehension or discretion, and hence, not capable of being guilty of contributory negligence.—*H. A. & B. R. R. Co. v. Robbins,* 124 Ala. 113; *N. C. & St. L. v. Harris,* 142 Ala. 249. This presumption is conclusive as a matter of law.—*B. S. R. R. Co. v. Harris,* 67 Ala. 6; *G. S. R. R. Co. v. Hanlon,* 53 Ala. 70; *Tutwiler v. Enslen,* 129 Ala. 336. Defendants pleas 2, 9 and 8 as amended were good against the demurrers.—*Foshee's Case,* 125 Ala. 199; *Elliott v. R. R. Co.,* 150 U. S. 245. Counsel discuss other assignments of error as to pleading, but without citation of authority. The court erred in permitting the introduction of evidence as to the custom of school children to cross the track at that point.— *Glass's Case, supra; Mitchell's Case, supra.* On the above authorities, charges A and 2 should have been given. Charges 5 and 6 should have been given.—*E. T. V. & G. v. King, supra.* The defendant was entitled to the affirmative charge upon the whole case, and upon the several counts. 1st, because there was no duty to keep a watchman or lookout at the time and place and no duty to blow the whistle or ring the bell before backing the train.—Authorities supra. 2nd, because the father was guilty of contributory negligence.—*Copeland's Case, supra; Stillson v. H. & S. J. R. Co.,* 67 Mo. 671; *L. S. & N. S. Ry. Co. v. Pinchon,* 112 Ind. 592; *O'Mara v. D. & H. Canal Co.,* 18 Hun. 192; *Woodward I. Co. v. Jones,* 80 Ala. 123; *Bannell's Case,* 97 Ala. 298. The father's contributory negligence was good as a defense.—*A. G. S. v. Dobbs,* 101 Ala. 219; *A. G. S. v. Bur-*

*gess*, 116 Ala. 509. On these authorities, it is insisted that a new trial should have been granted.

BILBRO & MOODY, for appellee. The court properly overruled the demurrers to the complaint.—*S. & N. v. Sullivan*, 59 Ala. 272; *Ga. Pac. v. Lee*, 92 Ala. 271; *S. & N. v. Meadows*, 95 Ala. 137; *H. A. & B. v. Robbins*, 124 Ala. 113; *A. G. S. v. Guest*, 136 Ala. 348. The court properly sustained demurrers to the defendant's pleas. —*S. & N. v. Sullivan, supra; Bannell's Case.* 97 Ala. 302. Counsel discuss the evidence and the charges refused but without citation of authority other than as above.

MAYFIELD, J.—This is an action by the administrator under the homicide statute to recover damages for the wrongful death of plaintiff's intestate, who was his son, a child of about six years of age. The child was killed in the town or village of Hollywood, by one of defendant's freight trains while backing, and was killed just after the train had started; it had moved backwards only a few feet when it struck the father and child just as they were in the act of crossing the track. Plaintiff and his little son had come from their home some distance in the country to the town of Hollywood, which seems to have been their market and postoffice. They had been over to the postoffice and were going across defendant's track to its depot, at that place, and were traveling a path which led from one building to the other and crossed the track diagonally. As they approached the freight train it was standing on the track with the engine attached, the train having pulled into town just shortly before. When plaintiff and his son reached the train, it being still, they walked along the side of the cars to the rear end of the train and had just started across the track on reaching the end of the last car when the train started backwards, striking both and

killing the son.　The path they were traveling at the time was one commonly used by the public, and seems to have been known as such to the agents or train crew of defendant, or at least the use was so common, long continued, and frequent as to charge them with notice. There was no direct evidence that any of the train crew saw plaintiff or his son at the time of, or just before, the injury.　The trial resulted in a verdict and judgment for the plaintiff, in the sum of $5,000, from which defendant appeals.

The first error insisted upon is the overruling of defendant's demurrers to each count of the complaint as amended.　Errors are assigned separately to each count; but they are properly argued together, and we will so treat them.　In them, practically the same defects are insisted as inhering in each of the counts, to wit, first, that each failed to show any duty upon defendant or its agent to keep a lookout at the time and place of the injury; second, that it failed to show a duty to give warning that the train would be backed; third, that it failed to show that the omission to give the signals was the proximate cause of the injury.　We do not think that any one of the counts as amended was subject to these defects.

Section 3440 of the Code of 1896 provided, among other things, that "an engineer, or other person having control of the running of a locomotive on any railroad * * * must also blow the whistle or ring the bell immediately before, and at the time of leaving such station or stopping place; * * * and must also blow the whistle or ring the bell, at short intervals, on entering into, or while moving within, or passing through any village, town, or city," etc., and section 3443 of the same Code provided that " a railroad company is liable for all damages done to persons or stock or other property, resulting

from a failure to comply with the requirements of the three preceding sections," etc.    The plaintiff and his child were within the protection of these statutes, and the complaint alleged a failure to do what the statute required, at the time and place required, and an injury in consequence of such failure.    Each count stated a good cause of action, and sufficiently alleged a duty to keep a lookout, and failure to warn, and that the injury was the proximate result of such failure.    It would be an unreasonable construction to hold that the statutes did not apply to a train that was moving backwards, but only to those moving forwards.    The statute has been construed to be intended for the protection of the people at these places mentioned, and it would be of little efficiency if railroads could avoid it by moving their trains and locomotives backwards, instead of forwards.    Trains are as dangerous, if not more so, when moving backwards as when moving forwards; and if any difference of degree exists as to the duty or necessity to give warning, before starting or moving them, it is greater before moving them backwards.    Certainly there is greater reason to expect a train to move forwards than backwards, in the absence of warning as to the fact of intended movement in any direction.    We do not think the counts were subject to the demurrers assigned.

The next error insisted upon is the sustaining of demurrers to defendant's special pleas 7, 8, and 9.    These pleas attempted to set up the contributory negligence of the plaintiff, the father of the child, to defeat the action, which is brought by the personal representative and not by the father as parent, to recover compensation for loss of services.    The action is not for the benefit of the father, but for the distributees of the intestate, and the fact that the father is or may be one of the distributees,

or entitled to all, or a part of the judgment, if one is had, does not render the negligence of the father a defense to the action, though he happens to be the plaintiff, because the personal representative, and the person whom the statute directs to sue. A parent who brings an action in his own right for the death of his intestate will not be allowed to recover if his own negligence contributed to the death, in the absence of wanton negligence or willful injury on the part of the defendant; the reason being assigned that a person should not profit by his own wrong. Yet it has been decided in a number of states, and this is one of the number, that the contributory negligence of a parent will not defeat a recovery in an action by him as administrator for the wrongful death of his infant, though he be a beneficiary. It was said by this court in *Burgess' Case,* 116 Ala. 515, 22 South. 913, that the damages recovered in an action like this are purely punitive, and that the statute was intended to prevent homicides; that loss of services to, or mental anguish of, the parent is immaterial and irrelevant. The statute expressly gives the administrator the same right of action that the infant would have had if death had not resulted. Of course the contributory negligence of the parent would not defeat the action of the infant had not death resulted, and likewise it is not a bar to the action given by the statute. The rule is otherwise when the parent sues to recover damages as pecuniary compensation for the loss of services.—*Dobbs' Case,* 101 Ala. 219, 12 South. 770; *Williams' Case,* 91 Ala. 635, 9 South. 77. The subject is thoroughly discussed and the authorities reviewed in a note to the case of *Vinnette v. N. P. Ry. Co.,* reported 18 L. R. A. (N. S.) 328, 47 Wash. 320, 91 Pac. 975.

There was no error in overruing demurrers to the count A. The court properly allowed proof of the fact

that people frequently and constantly crossed the track of the railroad at a point where plaintiff and his child were crossing at the time of the injury. While such a custom of the public to use such path as a crossing of defendant's track might not give the public or plaintiff any absolute right to cross the track, or might not prevent them from being trespassers when so using the track—though as to this we do not decide—yet such evidence was competent and relevant to show the degree of care required to be exercised by the defendant's agents in moving their trains across such point of its track so used by the public as this was shown to have been used, and as tending to charge them with notice of such use by the public.

Charge A was properly refused because abstract. The evidence indisputably showed that there was no approaching train at the time of plaintiff's injury, or at the time he attempted to cross the track. Had the charge been confined to the statement as to a train ready to move, it would not have been abstract, but including approaching trains as well as trains ready to move, it was abstract and properly refused for this reason, if for no other. However, as before stated, the contributory negligence of the father would be no defense to this action, and the child was incapable of contributory negligence on account of its tender age. As before stated, plaintiff's contributory negligence, if such there was, was no defense to the action, and, as his intestate was incapable of contributory negligence, many of the charges were properly refused for this reason.

Charge 5 was bad, and it would have been error to give it. The duty was on the defendant to ring the bell or blow the whistle before moving the train, or at least while it was moving. It was immaterial whether it was moving backward or forward. It would seem that the

law imposes a higher duty on trainmen when moving trains backward than when moving them forward. In *Sullivan's Case.* 59 Ala. 272, this court spoke on this subject as follows: "We asserted and again assert that if those in charge of a train engaged in the business of switching cars within a city where people are constantly passing back of the train, having box cars in front of the engine so as to conceal the track on which the train is moving, from the view of those having charge of it, and have no watchman or employee at or near the train to look ahead, and, if need be, to warn persons of the approaching danger or have the train stop; and if injury to any person be thereby inflicted, this is per se negligence for which an action will lie, unless the party injured, after discovering his peril, failed to use proper exertion to extricate himself therefrom."

The evidence being undisputed that one of defendant's trains killed plaintiff's intestate, who was an infant, incapable of contributory negligence, and the father's contributory negligence not being a bar to the action, and the killing having occurred in a town or village, one of the places covered by the statute (sections 3440 and 3443 of the Code of 1896), it follows that the affirmative charge could not have been properly given for the defendant.

We find no error, and the judgment of the trial court must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.