F. A. Danforth, Admr. of Estate of Leonard E. Goodall

*vs.*

Owen .Emmons.

Same, Admr. of Estate of Violet M. Goodall *vs.* Same.

Kennebec.    Opinion December 8,.1924.

*Chapter 92, Sections 9-10, of the Revised Statutes affords a remedy where none existed at common law.    The sole test of the right to maintain an action, is the right of the injured person to have maintained an action, had death not ensued.    In such an action the plaintiff has the same burden of proof and the defendant may interpose the same defenses, as in an action by the deceased himself for his injuries, had he survived.*

As the right of action given by the statute depends solely upon the right of the injured party to recover, if living, the contributory negligence of one of the beneficiaries, not imputable to the decedent, is not a bar to the action.

Nor can such contributory negligence of one beneficiary avail in partial reduction of the damage to the extent of the share of such negligent beneficiary.

The remedy given by the statute includes an action for the benefit of children who have sustained pecuniary injuries resulting from the death of their mother.

On exceptions and motions.    Two actions brought under R. S., Chap. 92, Secs. 9 and 10, for the benefit of the same persons, brothers and sister of the decedent in the first action, and minor children of the decedent in the second action.    On August 8, 1923, a touring car containing seven persons, one of whom, Henry M. Goodall, was operator, drove upon the ferry boat operated as a public ferry across the Kennebec River between Richmond and Dresden, by the defendant a licensed ferryman, and when part way across the river, the car started backward and went off the rear of the ferry boat into the river and James R. Goodall, his wife, Violet M. Goodall, his son, Leonard E. Goodall, and his niece, Fay M. Goodall, who were in the car were drowned.    The plaintiff in each action alleged negligence on the part of the defendant and the defendant pleaded the general

issue and under a brief statement alleged contributory negligence on the part of each of the plaintiff's intestates, and also alleged contributory negligence on the part of the driver of the car, Henry M. Goodall, and that plaintiff could not recover because Henry M. Goodall was one of the beneficiaries named in the writ and would profit by his own negligence. Verdicts for the plaintiff were returned in each case and the defendant excepted to the refusal of the presiding Justice to give a requested instruction, and also filed general motions for new trials. Motions and exceptions overruled.

The case is stated in the opinion.

*George W. Heselton,* for plaintiff.

*Pattangall, Locke & Perkins,* for defendant.

SITTING: PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

MORRILL, J. These actions are based upon R. S., Chap. 92, Secs. 9 and 10; they arise out of the same sad occurrence, and are prosecuted for the benefit of the same persons, Henry M. Goodall, James L. Goodall, Kenneth L. Goodall and Dora M. Goodall, brothers and sister of the decedent in the first action, and minor children of the decedent in the second action.

The essential facts are not in dispute. The defendant is a licensed ferryman, operating a ferry across the Kennebec River between Dresden and Richmond. In the early afternoon of August 8, 1923, James R. Goodall, father of Leonard E., the decedent in the first action, and husband of Violet M., the decedent in the second action, with his wife, four children and his niece, returning home in an automobile, attempted to cross the Kennebec River on defendant's ferry boat operated by one Mason C. Carter; when about one third the distance across the river, the automobile from some cause was started backward, and with the entire party was precipitated into the river. The father and mother, the son, Leonard E. Goodall, then a few months less than twelve years of age, and the niece, Fay M. Goodall, were drowned. The automobile was driven by Henry M. Goodall, one of the sons, then about two months more than eighteen years of age.

The cases are before us upon general motions for new trials, and upon exception by defendant to the refusal of the presiding Justice to give a requested instruction.

Upon the controlling propositions of fact, (1) negligence of the defendant as alleged in the writ, and (2) contributory negligence of each decedent, as alleged in defendant's pleadings, the inferences to be drawn from the established facts were peculiarly within the province of the jury. They were fully warranted in finding that the defendant was lacking in due care, in not providing chains or other appliances for the prevention of such an accident as happened; whatever may be the measure of due care in the case of horse-drawn vehicles, with the advent and general use of automobiles new conditions exist to which the standard of due care must be applied.

Upon the issue of contributory negligence the burden of proof was upon defendant (R. S., Chap. 87, Sec. 48), and we cannot say that the presumption of due care has been overcome, and that the verdict upon that issue is clearly and unmistakably wrong.

Exception. The defendant requested the following instruction to the jury: "If the negligence of Henry M. Goodall, the driver of the car, contributed to the injury complained of, the plaintiff cannot recover in view of the fact that the said Henry M. Goodall is one of the beneficiaries named in the writ and would profit by a verdict for the plaintiff." If the proposition so maintained is sound, the record discloses that the issue of fact should have been submitted to the jury. Although the so-called "Death-Liability Act of 1891" (R. S., Chap. 92, Secs. 9-10) has been many times before the court, the proposition here urged is, so far as we can ascertain, presented for the first time. In other jurisdictions the decisions are not in harmony; in some cases they seem to be restricted to the particular facts presented; and the reasons given are often diverse. The broad question is here presented of the effect of contributory negligence of one beneficiary upon the maintenance of an action under the statute to recover damages in which he will share with other beneficiaries to whom contributory negligence cannot be attributed. This question we are free to decide according to our interpretation of the statute of this State. We do not attempt to decide, and intimate no opinion upon, the question of the effect of contributory negligence of a sole beneficiary upon the maintenance of an action under the statute, for the benefit of such sole beneficiary.

The statute in question affords a remedy where none existed at common law; yet it does not provide for the survival to the personal representatives, of a right of action for the benefit of the estate. A

new right of action is conferred, with a different measure of damages; the right of action is not for the benefit of the estate, the creditors or distributees; it is for the benefit of certain designated persons, and the right of action vests immediately and finally at the time of the death in the statutory beneficiary. *Hammond, Admx.* v. *L. A. & W. St. Ry.*, 106 Maine, 209. The right of action thus conferred is measured solely by the statute; while the measure of damages is different, the sole test of the right to maintain the action, is the right of the injured person to have maintained an action, had death not ensued. *McKay* v. *Syracuse R. T. Ry. Co.*, 208 N. Y., 359, 363; 101 N. E., 885. *Hines* v. *McCullers*, 121 Miss., 666, 673; 83 So. 734. The plaintiff has the same burden of proof and the defendant may interpose the same defenses, as in an action by the deceased himself for his injuries, had he survived. *Jones* v. *Manufacturing & Investment Co.*, 92 Maine, 565, 569. If the decedent, Leonard E. Goodall, was prosecuting an action to recover damages for his injuries, his contributory negligence would be a defense; but the contributory negligence of the driver, Henry M. Goodall, would not be a defense. *State* v. *B. & M. R. R. Co.*, 80 Maine, 430. So, in the case of the mother, Violet M. Goodall, while any contributory negligence on her part, of which the jury has entirely absolved her, would be a defense, the negligence of the driver cannot be imputed to her. Inasmuch as the right of action given by statute depends solely upon the right of the injured party to recover, if living, the contributory negligence of the driver cannot avail the defense, unless we read into the statute a new condition not within its terms. *McKay* v. *Syracuse R. T. Ry. Co.*, supra. *Hines* v. *McCullers*, supra. *Kokesh* v. *Price*, 136 Minn., 304; 161 N. W., 715; 23 A. L. R., 643 and note Page 648.

In *Hines* v. *McCullers*, supra, under a state of facts very similar to the facts of the instant case, the court uses this language: "Contributory negligence as a defense in an action of tort is grounded on the common-law rule that the law will not apportion the consequences of concurring acts of negligence. This rule may be modified or abolished by statute (citing authorities), and that is what the statute here under consideration has done in so far as the contributory negligence of the persons benefitted thereby is concerned."

The requested instruction was rightly refused.

Upon the brief, counsel for defendant has suggested a partial and proportionate reduction of the damages found by the jury to the

extent of the shares of any negligent beneficiaries. This suggestion was not made at the trial; there the defendant stood on the contention that the negligence of Henry M. Goodall was a complete bar. In the absence of any provision in the statute for a partial reduction, we think that it is not warranted. Although it is manifest that the "pecuniary injuries resulting from such death to the persons for whose benefit such action is brought" are not equal; that such pecuniary injuries resulting from the death of a mother are greater to a young daughter of the age of the beneficiary, Dora M. Goodall, than to either of her older brothers, there is no separate finding of damages; there is a finding of a single gross amount, which is to be shared by widow and children equally, and in the case of heirs, presumably to be divided in accordance with the statute of distributions. This is an absolute, imperative, and in one view an arbitrary, provision, without an exception. The Legislature in its wisdom might have provided that the share of a beneficiary found guilty of contributory negligence should be deducted from the gross sum, or distributed among those to whom such negligence is not attributed. But in the absence of such provision, we think that here again contributory negligence of a beneficiary must be disregarded unless we read into the statute terms which it does not contain, and which are not to be inferred from the language used. The fact of contributory negligence by one of several beneficiaries whose negligence cannot be imputed to the decedent, is here eliminated. *Hines* v. *McCuller,* supra. *Warren* v. *Street Railway,* 70 N. H., 352; 47 Atl., 735. *Wymore* v. *Mahaska Co.,* 78 Iowa, 396; 43 N. W. 264; 16 Am. St., 449; 6 L. R. A., 545. *C. C. & C. R. R. Co.* v. *Crawford,* 24 Ohio St., 631, 641. *Southern Ry. Co.* v. *Shipp,* 169 Ala., 327; 53 So., 150.

Finally the defendant contends that the second action based upon the death of Violet M. Goodall cannot be maintained because the beneficiaries do not come within the classes named in the statute. Under Section 10, four different classes are provided for, (1) widow without children, (2) children without widow, (3) widow and children, and (4) "his heirs," and the right of action vests immediately and finally at the time of the death in the statutory beneficiary. *Hammond* v. *L. A. W. St. Ry.,* supra. Counsel upon the brief say: "The defendant contends that under this statute no right of action is given to anybody to recover for the loss of life of a woman." This is a broader proposition than we find it necessary to consider; we

are not called upon to decide whether a right of action is given for the benefit of a husband arising from the death of the wife. The question here presented is whether a right of action is given upon the death of a woman, for the benefit of her children. If the contention is sound, then upon the death of a widow, leaving a family of small children, no right of action has been given for the benefit of those children. Such a result cannot be favored unless all other constructions fail. To arrive at its true meaning the entire legislative provision should be considered. By the tenth section the right of action is given in the broadest possible terms. . . . "Whenever the death of a person shall be caused by wrongful act, neglect or default, . . . . . then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages." The eleventh section declares by whom, and for whose benefit the action shall be brought, and the rule of damages. Without considering whether the omission of the word "widower" indicates an intention not to give a right of action for the benefit of a surviving husband, we see nothing in the comprehensive language of these sections to exclude actions for the benefit of children who have sustained pecuniary injuries resulting from the death of their mother. The words, "and of the children, if no widow," should not be narrowly construed to limit the remedy to a right of action for the benefit of motherless children who have sustained such injuries from the death of a father. The words of the ninth section are too comprehensive to admit of such construction. The statutory rule of construction . . . . "Words of the masculine gender may include the feminine " . . . . (R. S., Chap. 1, Sec. 6, Par. II.) should be applied here to the words, "his heirs." For a somewhat analogous case, although arising under different circumstances and a different statute, see *City of Chicago* v. *Major*, 18 Ill., 349, 357.

*Motions and exceptions overruled.*