PELEGIO METRINKO, ADMX. *vs*. HARRY WITHERELL.

DORRANCE T. COLEMAN *vs*. HARRY WITHERELL.

ANGIE JOHNSTON *vs*. HARRY WITHERELL.

STANLEY J. JONES *vs*. HARRY WITHERELL.

Franklin.      Opinion, November 24, 1936.

484

*Harry E. Nixon,*
*Edward L. Fenton,* for plaintiffs.
*Francis W. Sullivan,*
*Currier C. Holman,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J. On July 12, 1935, near midnight, Angie Johnston, Stanley Jones and Harry Witherell were seated in the front seat, Olga Metrinko and Cecil Farrar in the rumble, and Dorrance T. Coleman was on the running board of a Ford roadster, riding along a public road in Scarborough.

The car belonged to Farrar.

He had assembled the group, through the evening, the last of its members at a dance hall. From there, where stay had been brief, start was for the hotel, four miles away, where all except Farrar were employees.

Witherell, here defendant, was driving.

The vehicle left the highway, struck the stump of a tree, and "jackknifed."

Olga Metrinko died from a fractured neck without regaining consciousness.

Invoking the Death-Liability Act, (now Revised Statutes, Chapter 101, Sections 9, 10, as amended,) the personal representative of decedent sues, civilly, for the benefit of the parents of deceased, as her heirs; the term is inclusive of next of kin. The suit is not for conscious suffering up to the time of death, but for negligently causing death, averment being that demise was immediate. *Perkins, Admr. v. Oxford Paper Co.,* 104 Me., 109, 71 A., 476.

The statutory cause of action begins where the common law left

off. *Anderson* v. *Wetter,* 103 Me., 257, 69 A., 105. The test of the right to maintain the action is measured solely by the statute: whether the deceased person, if living, could recover damages. *Danforth, Admr.* v. *Emmons,* 124 Me., 156, 126 A., 821.

Due care on the part of decedent is presumed. R. S., Chap. 96, Sec. 50. The presumption is a disputable one. R. S., *supra.* Upon the issue of contributory negligence, the burden of proof is on defendant. *Cullinan, Admr.* v. *Tetrault,* 123 Me., 302, 122 A., 770; *Danforth, Admr.* v. *Emmons,* supra.

Of the party members surviving, three, Mrs. Johnston, Coleman, and Jones, individually, bring tort actions, sounding in negligence, for personal injuries. Each plaintiff must, at the common law, establish, as one element of his case, his own freedom from any want of ordinary care, which, concurring with actionable negligence, was part of the proximate cause of injury.

The four cases were tried together.

To the charge, no exception was taken.

Verdicts being adverse to plaintiffs, they move for new trials, arguing only the ground that the verdicts are against the evidence.

A motion for a new trial, on predicate of violation of the evidence, is in no sense a trial *de novo.*

In this, as in all other cases where questions of reasonable care, contributory negligence, or the like are in controversy, the facts being in dispute, or, though undisputed, affording space for different conclusions, rationally drawn, the question is for the jury.

Findings of fact, when supported by a fair preponderance of reasonable and substantial evidence, will not be disturbed.

This is so familiar as to require no citation of authorities.

The surviving plaintiffs, to recur to the record, testified on the witness stand.

Persons who had been close to the scene of the accident, on being called and sworn, witnessed as to physical conditions and other details. Deputy sheriffs who arrived there shortly, gave testimony. There was also medical evidence.

Some, at least, of the party, inclusive of the driver, had drunk intoxicating liquor. The driver's drinking, if shown to have been known to the guests, and the jury could, from the evidence, so find, might have been found to bear on the question of contributory neg-

ligence. *Richards, Admr.* v. *Neault,* 126 Me., 17, 135 A., 524.

Plaintiffs insisted the doctrine of *res ipsa loquitur.* This doctrine is not without limit.

As is said, in sum, in *Stevens* v. *Railway,* 66 Me., 74; *Edwards* v. *Power Co.,* 128 Me., 207, 146 A., 700; *Chaisson* v. *Williams,* 130 Me., 341, 156 A., 154; *Winslow* v. *Tibbetts,* 131 Me., 318, 162 A., 785, and *Shea* v. *Hern,* 132 Me., 361, 171 A., 248; *res ipsa loquitur* is a rule of evidence which, where applicable, permits the inference of negligence from circumstantial facts.

In dealing with inferences, the jury is at liberty to find the ultimate fact one way or the other, as it may be impressed by the evidence and legitimate deductions. *Stumpf* v. *Montgomery,* 101 Okla., 257, 226 P., 65.

Defendant introduced testimony.

Defense witnesses, so the jury could find, delineated a country highway, darkness, not much traffic, the road narrowing, abruptly, from thirty-two feet to sixteen feet; Farrar, the owner of the roadster, asleep; two of the car occupants singing; the driver, despite the glare of approaching headlights, duly careful, and, on discerning, unexpectedly, directly ahead, outlines of persons walking, his swerving; then the accident.

The tree stump, it was in evidence, stood by the roadside; the tree, recently felled, was on the ground; grass, like uncut hay, as a witness puts it, was growing there; some of the grass was trampled.

The evidence, when closed, was, upon the issues tried, somewhat conflicting. It does not, however, appear that any finding lacks evidential basis, or is against evidence, or the weight of the evidence; nor that the jury was actuated by improper motives.

The motions must be overruled.

*Motions overruled.*