STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO: CV-07-144
                                        BAC-C um-9/21/2007

AMICA MUTUAL INSURANCE COMPANY,

        Plaintiffs,
                                        **ORDER ON PLAINTIFF'S**
    v.                                  **MOTION FOR SUMMARY**
                                        **JUDGMENT PURSUANT TO**
LINDA MARIO, Personal Representative    **M.R. CIV. P. 56**
Of the Estate of Edith Pecci,

                                        STATE OF MAINE
AND                                     Cumberland, ss. Clerk's Office
                                        SUPERIOR COURT

LAWRENCE PECCI,                         SEP 2 1 2007

        Defendants.
                                        **RECEIVED**

This case comes before the Court on Plaintiff Amica Mutual Insurance

Co.'s Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

## FACTUAL BACKGROUND

The case arises from a request by Plaintiff Amica Mutual Insurance Co.

("Amica") for a declaratory judgment against Defendant Estate of Edith Pecci[1]

(the "Estate") regarding a Wrongful Death and Survival Action pursuant to 18-A

M.R.S.A. §§ 2-804(a) and 3-817 (the "Wrongful Death Action"). The Estate is

represented by Esther Pecci's adult daughter Linda Mario.

The facts in this case are largely undisputed. On May 14, 2005,

Esther Pecci ("Mrs. Pecci") died as the result of injuries sustained in an

automobile collision.[2] Mrs. Pecci was a front seat passenger in a car

---

[1] The original complaint got Mrs. Pecci's name wrong. Her name is Esther, not Edith, thus the case name is incorrect. Defendant needs to file a motion to correct the case name.
[2] There is some discrepancy between Amica's and the Estate's statement of material facts regarding the actual time of death, but the discrepancy is not material.

1

driven by her husband, Lawrence Pecci ("Mr. Pecci"). The sole cause of the accident was Mr. Pecci's negligence. Mrs. Pecci was not negligent. At the time of the accident Mr. Pecci carried an automobile liability policy with Amica. Mr. and Mrs. Pecci have no minor children.

The Estate has filed the Wrongful Death Action in Sagadahoc County against Mr. Pecci. Because the Pecci children are adult, Mr. Pecci is the sole statutory beneficiary of Mrs. Pecci's estate under 18-A M.R.S.A. § 2-804.

On March 14, 2007, Amica filed this Complaint seeking a declaratory judgment that the Estate be prohibited from bringing the Wrongful Death Action because the sole person entitled to benefit under the statute from the Action is Mr. Pecci, as Mrs. Pecci's surviving spouse. Amica contends that an action for wrongful death is barred if the sole person entitled to benefit from recovery is also the sole person liable to pay damages in the Action. That, in essence, Mr. Pecci has brought a suit against himself.

This is a matter of first impression in Maine.

## DISCUSSION

1.      Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the

potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

Because there are no material facts at issue in this case, summary judgment is appropriate. *See Inkel v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747.

2.    Should the Estate be Barred From Bringing a Wrongful Death Action Which Would Solely Benefit The Negligent Surviving Spouse?

Thus the question before the court is, as a matter of law, can a wrongful death action pursuant to 18-A M.R.S.A. § 2-804 be brought by an estate, if the sole beneficiary under the statute negligently caused the death of the decedent. The Law Court has not considered this issue.

The statute reads, in pertinent part:

"[T]he amount recovered in every such action, except as otherwise provided, is for the exclusive benefit of the surviving spouse if no minor children, . . . and to the deceased's heirs to be distributed as provided in section 2-106 if there is neither surviving spouse nor minor children. The jury may give such damages as it determines a fair and just compensation with reference to the pecuniary injuries resulting from the death to the persons for whose benefit the action is brought and in addition shall give such damages as will compensate the estate of the deceased person for reasonable expenses of medical, surgical and hospital care and treatment and for reasonable funeral expenses. . . .

18-A M.R.S. § 2-804 (2007) (emphasis added).

Amica asserts that public policy prohibits an insured from benefiting from his own negligence. Amica relies on the majority view which states that "[t]he great weight and trend of the well-considered modern cases, however, is to disallow recovery to a guilty sole beneficiary, ... " 2 A.L.R.2d 785, 3 (2006 West) Because Maine has not dealt with this specific issue, Amica cites to other jurisdictions.

Representative of the majority view is the Supreme Court of North Carolina's consideration of a similar case where a husband sought to recover for the death of his wife (caused solely by the husband's negligence) under a wrongful death statute. *Davenport v. Patrick*, 44 S.E.2d 203, 204 (N.C. 1947). That Court held that public policy would "not permit a wrong-doer to enrich himself as a result of his own misconduct. *Id.* at 205. *See also Tanski v. Tanski*, 820 P.2d 1143 (Colo. App. 1991) (A Colorado Court dismissed a husband's wrongful death action where the wife's death was caused by his negligent driving.)

In contrast the Estate construes Maine case law to lead the Court to the minority view. Representative of the minority view is the Supreme Court of New York, which held that public policy is fluid, "particularly in relation to the right of actions as between members of the same family." *Rozewski v. Rozewski* 46 N.Y.S.2d 743, 745 (1944). That court considered similar facts (sole beneficiary seeking damages which occurred wholly because of his own negligence) and concluded that insurance exists to protect against such losses. *Id. See also Strickland v. Atlantic Coast Line Railroad* Co., 194 So. 2d 69, 70 (Fla. App. 1967) (Holding that a husband should not be barred recovery for his wife's death

4

under a wrongful death statute unless he <u>intentionally</u> caused her death) (emphasis added).

The Estate relies on Maine case law prior to 1924 allowing recovery under a predecessor wrongful death statute. *See e.g. Danforth v. Danforth*, 124 Me. 156 (1924); *McKay v. New England Dredging Co.*, 92 Me. 454 (1899); *Perkins v. Oxford Paper Co.*, 104 Me. 109 (1908). In none of these cases, however, was the negligence of the sole beneficiary at issue. *See id.* Indeed, the Law Court has specifically left that question open for decision and has "intimate[d] no opinion upon, the question of the effect of contributory negligence of a sole beneficiary upon a maintenance of an action under the statute, for the benefit of such sole beneficiary." *Quoting Danforth*, 124 Me. at 158.

That question is now before the Court. The law is clear that a wrongful death action exists for the "'exclusive benefit" not of the estate, but of the statutorily determined beneficiaries. *McKay*, 92 Me. at 458; *see also Danforth*, 124 Me. at 159. Both of these cases, however, predate the 1939 and 1943 amendments to the statute specifically "adding language authorizing reimbursement [to the estate] for medical and funeral expenses." Jack H. Simmons, Donald N. Zillman & David D. Gregory, *Maine Tort Law*, § 19.06 684 (1999).

Thus there exists the possibility of a determination that, while Mr. Pecci may not recover, the estate may recover to the extent of medical and funeral expenses. The Law Court has held that the "estate is or may be entitled to medical, surgical, hospital, and funeral expenses under . . . [the] Death Act[]." *Buzynski v. County of Knox*, 188 A.2d 270, 273 (Me. 1963). In that case the administratrix of an estate brought two separate actions, one on behalf of the beneficiaries and one on behalf of the estate for expenses. *Id.* at 271. The

5

*Buzynski* Court considered recovery to the beneficiaries and recovery to the estate separately under the statute. *Id.* at 274.

This Court is persuaded by the majority view that recovery for the benefit of the sole beneficiary would be contrary to public policy because and individual would be recovering for his own negligence. However, separate recovery for medical, surgical, hospital care and funeral expenses is available under the statute.

**The entry is:**

Plaintiff's Motion for Summary Judgment is GRANTED to the extent that it benefits the surviving spouse, Mr. Pecci and DENIED to the extent that the Estate may recover for reasonable medical and funeral expenses.

DATE: September 21, 2007

Roland A. Cole
Justice, Superior Court

6

MARTICA DOUGLAS ESQ
PO BOX 7108
PORTLAND ME 04112

$P\ell$ .

ROBERT STOLT ESQ
PO BOX 1051
AUGUSTA ME 04332