2008 ME 93

**AMICA MUTUAL INSURANCE COMPANY**

v.

**ESTATE OF Esther PECCI et al.**

Supreme Judicial Court of Maine.

Argued: April 9, 2008.
Decided: June 10, 2008.

---

Robert J. Stolt, Esq., James A. Billings, Esq. (orally), Lipman, Katz & McKee, P.A., Augusta, ME, for Linda Mario.

Peter B. Bickerman, Esq. (orally), Verrill Dana, LLP, Augusta, ME, for Lawrence Pecci.

Martica S. Douglas, Esq. (orally), Douglas, Denham, Buccina & Ernst, Portland, ME, for Amica Mutual Insurance Company.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1]  Linda Mario, the personal representative of the Estate of Esther Pecci, and Lawrence Pecci appeal from a summary judgment entered in the Superior Court (Cumberland County, *Cole, J.*) in Amica Mutual Insurance Company's action seeking a declaratory judgment prohibiting the Estate from maintaining a wrongful death action against Lawrence.  Mario and Lawrence contend that the Superior Court erred in finding that public policy bars an estate from recovering damages where the sole beneficiary of any recovery was the sole cause of the wrongful death. We affirm.

## I.  BACKGROUND

[¶ 2]  The relevant facts are not in dispute.  In May 2005, Lawrence Pecci negligently pulled his automobile out into oncoming traffic on Route 1, resulting in an accident.  His wife, Esther Pecci, died hours later due to injuries she sustained in

the accident, which was solely caused by Lawrence's negligence.

[¶ 3] The Peccis' daughter, Linda Mario, was subsequently appointed the personal representative of Esther's estate. After Amica, Lawrence's insurer, refused to make a claim payment to the Estate, Mario filed suit in her capacity as the Estate's personal representative against Amica and her father, alleging breach of contract and wrongful death. The sole beneficiary of any recovery currently will be Lawrence himself.

[¶ 4] In response to the Estate's wrongful death claim, Amica instituted this declaratory judgment action seeking a declaratory judgment that public policy bars the Estate from maintaining its wrongful death action.[1] Amica next filed a summary judgment motion, contending, on the undisputed facts, that the Estate's action is barred because Lawrence, as Esther's surviving spouse, is the sole person entitled to benefit from the action and he is prevented from recovering damages because his negligence was the sole cause of the accident resulting in Esther's death. The Superior Court granted Amica's motion in part. The court, noting "that a wrongful death action [pursuant to 18-A M.R.S. § 2-804 (2007) ] exists for the 'exclusive benefit' not of the estate, but [for] the statutorily determined beneficiaries," adopted the majority view of the jurisdictions that have considered this question:

> This Court is persuaded by the majority view that recovery for the benefit of the sole beneficiary would be contrary to public policy because an individual would be recovering for his own negligence.

However, separate recovery for medical, surgical, hospital care and funeral expenses is available under the statute.

The court granted summary judgment "to the extent that it benefits the surviving spouse," and denied summary judgment "to the extent that the Estate may recover for reasonable medical and funeral expenses." Mario and Lawrence appeal.

## II. DISCUSSION

■ [¶ 5] A wrongful death action may be maintained if the "wrongful act, neglect or default [that caused the death] is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." 18-A M.R.S. § 2-804(a). In this case, because Esther was survived by her husband Lawrence and not by any minor children, the amounts recovered in a wrongful death action are for Lawrence's exclusive benefit:

> Every such action must be brought by and in the name of the personal representative of the deceased person, and *the amount recovered in every such action, except as otherwise provided, is for the exclusive benefit of the surviving spouse if no minor children,* and of the children if no surviving spouse, and one-half for the exclusive benefit of the surviving spouse and one-half for the exclusive benefit of the minor children to be divided equally among them if there are both surviving spouse and minor children, and to the deceased's heirs to be distributed as provided in section 2-106

1. We parenthetically note the somewhat unusual nature of this suit. The customary procedure in these circumstances is for an insurance company to institute a declaratory judgment action in order to obtain a judgment that there is no coverage or that it need not indemnify a defendant. *See Fore-* *most Ins. Co. v. Levesque,* 2005 ME 34, ¶ 5, 868 A.2d 244, 246. As a matter of judicial economy, however, we address the issues on appeal. *See N. Sec. Ins. Co. v. Dolley,* 669 A.2d 1320, 1323 (Me.1996) (addressing the duty to defend and indemnify where the case was not technically ripe for review).

if there is neither surviving spouse nor minor children.

18–A M.R.S. § 2–804(b) (emphasis added). The statute also provides that in addition to awarding damages to the person(s) for whose benefit the action is brought, a jury "shall give such damages as will compensate the estate of the deceased person for reasonable expenses of medical, surgical and hospital care and treatment and for reasonable funeral expenses." *Id.* The question presented by the undisputed facts in this case is one of first impression: Whether a wrongful death action may be maintained if the sole beneficiary of the action is also the party whose negligence was the sole proximate cause of the decedent's death.

[¶ 6] Over eighty years ago, we explicitly left the answer to this question unaddressed in *Danforth v. Emmons*, 124 Me. 156, 126 A. 821 (1924). In *Danforth*, two estates brought wrongful death actions against a ferryman whose negligence contributed to the death of the decedents even though the negligence of one of the beneficiaries may have contributed to all of the decedents' deaths. *Id.* at 157–58, 126 A. at 821–22. Applying the predecessor to section 2–804, we held that "[t]he right of action thus conferred is measured solely by the statute; while the measure of damages is different, the sole test of the right to maintain the action[ ] is the right of the injured person to have maintained an action, had death not ensued." *Id.* at 159, 126 A. at 822. Accordingly, we held that the "contributory negligence of a beneficiary must be disregarded unless we read into the statute terms which it does not contain, and which are not to be inferred

from the language used." *Id.* at 160, 126 A. at 823. In so holding, however, we explicitly limited the scope of our decision, stating: "We do not attempt to decide, and intimate no opinion upon, the question of the effect of contributory negligence of a sole beneficiary upon the maintenance of an action under the statute, for the benefit of such sole beneficiary." *Id.* at 158, 126 A. at 822. This question is now before us.

[¶ 7] "In construing a statute, we look first to its plain meaning." *Adoption of M.A.*, 2007 ME 123, ¶ 9, 930 A.2d 1088, 1092. "[W]e do not read exceptions, limitations, or conditions into an otherwise clear and unambiguous statute." *Id.* The language of section 2–804(a) is clear and unambiguous;[2] as we stated in *Danforth* in connection with section 2–804's predecessor, "the sole test of the right to maintain the action, is the right of the injured person to have maintained an action, had death not ensued." *Danforth*, 124 Me. at 159, 126 A. at 822; *see also* RESTATEMENT (SECOND) OF TORTS § 493(2) (1965) (stating that the statute controls whether the contributory negligence of a beneficiary bars recovery).

[¶ 8] Amica nevertheless urges us to construe section 2–804 as containing an implied exception that bars the Estate's action based on "the general rule that it is contrary to public policy to allow one to benefit from his own wrongdoing," *Hildebrand v. Holyoke Mut. Fire Ins. Co.*, 386 A.2d 329, 331 (Me.1978), even though this rule is not stated as an exception in section 2–804. For the reasons that follow, we conclude that we need not rest our deci-

---

**2.** Title 18–A M.R.S. § 2–804(a) (2007) provides in pertinent part:

Whenever the death of a person shall be caused by a wrongful act ... and the act ... is such as would, if death had not ensued, have entitled the party injured to

maintain an action and recover damages in respect thereof, then the person ... that would have been liable if death had not ensued shall be liable for damages as provided in this section. ...

sion on an implied construction of section 2–804.

■ [¶ 9] By its plain terms, section 2–804 does not prohibit the Estate from initiating an action, brought for a surviving spouse's benefit, against that same spouse as the sole tortfeasor. This conclusion nevertheless produces nothing more than a Pyrrhic victory for the surviving spouse. Although we held in *Danforth* that the damages found by the jury could not be reduced in proportion to the extent of the share of any negligent beneficiary, *see* 124 Me. at 159–60, 126 A. at 822–23, our decision predated the Legislature's adoption of comparative negligence, *see* P.L.1965, ch. 424 (codified as amended at 14 M.R.S. § 156 (2007)) (establishing the doctrine of comparative negligence). Under current Maine law, when damages are recoverable by a party partially at fault, any recovery must be reduced by an amount deemed just and equitable based on the claimant's comparative negligence.[3]

[¶ 10] In this case, the wrongful death action is "brought by and in the name of the personal representative of the deceased person . . . for the exclusive benefit of the surviving spouse," namely, Lawrence. 18 M.R.S. § 2–804(b). Therefore, if the wrongful death action were to pro-

ceed for Lawrence's exclusive benefit, the comparative negligence statute would operate to prevent his right to recover any damages under the wrongful death statute. Because the parties have stipulated that Lawrence's negligence was the sole proximate cause of the accident, he is a "claimant . . . equally at fault, [who] may not recover." 14 M.R.S. § 156. Accordingly, the comparative negligence statute bars Lawrence's right to recover in this case.

[¶ 11] We hasten to add, however, that if a surviving spouse renounces his or her interest in any recovery under the wrongful death statute, the spouse is treated as having predeceased the decedent. *See* 18–A M.R.S. § 2–801(f) (2007). Here, there were no minor children surviving at the time of Esther's death. If Lawrence were to renounce his share as the surviving spouse, the Estate's wrongful death action may be maintained for the benefit of "the deceased's heirs to be distributed as provided in [18–A M.R.S. § 2–106(2007) ]." 18–A M.R.S. § 2–804(b). Amica's complaint and its motion for summary judgment did not ask the Superior Court to grant declaratory relief regarding this possibility, and we treat the resulting judgment as not addressing the same.

---

3. Title 14 M.R.S. § 156 (2007) provides in pertinent part:

§ 156. Comparative negligence

When any person suffers death or damage as a result partly of that person's own fault and partly of the fault of any other person or persons, a claim in respect of that death or damage may not be defeated by reason of the fault of the person suffering the damage, but the damages recoverable in respect thereof must be reduced to such extent as the jury thinks just and equitable having regard to the claimant's share in the responsibility for the damage.

When damages are recoverable by any person by virtue of this section, subject to such reduction as is mentioned, the court shall instruct the jury to find and record the total damages that would have been recoverable if the claimant had not been at fault, and further instruct the jury to reduce the total damages by dollars and cents, and not by percentage, to the extent considered just and equitable, having regard to the claimant's share in the responsibility for the damages, and instruct the jury to return both amounts with the knowledge that the lesser figure is the final verdict in the case. Fault means negligence, breach of statutory duty or other act or omission that gives rise to a liability in tort or would, apart from this section, give rise to the defense of contributory negligence.

If such claimant is found by the jury to be equally at fault, the claimant may not recover.

[¶ 12] Because the personal representative admits that Lawrence's negligence was the sole proximate cause of Esther's death, the comparative negligence statute bars any recovery by Lawrence. Accordingly, we affirm the Superior Court's declaratory judgment that the Estate may not recover in the wrongful death action "to the extent it benefits the surviving spouse, Mr. Pecci," but "may recover for reasonable medical and funeral expenses."

The entry is:

Judgment affirmed.