*In re Estate of Mary Castonguay*, No. 174-4-17 Rdcv (Toor, J., May 10, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
RUTLAND UNIT
CIVIL DIVISION

| | |
|---|---|
| In re ESTATE OF MARY CASTONGUAY | Docket No. 174-4-17 Rdcv |

RULING ON PETITION FOR WRONGFUL DEATH SETTLEMENT ALLOCATION

This settlement proposal arises from the death of Mary Castonguay, resulting from the allegedly negligent driving of her husband, Donald Castonguay. *See* Petition to Allocate. In October of 2015, Donald hit a truck from behind while driving Mary to the hospital, and Mary died as a consequence. In February of 2016, the Rutland Probate Division appointed Andrew M. Buckley, Mary's son and Donald's stepson, as the administrator of Mary's estate. The Estate made a wrongful death claim against Donald, and the parties settled the claim pre-suit.[1] Id. All potentially interested parties—Donald, the other Estate beneficiaries, and the decedent's nonbeneficiary stepson—have signed affidavits agreeing to the distribution of settlement proceeds. The proposed settlement names Donald, both an Estate beneficiary and the putative wrongful death defendant, as a recipient of a portion of the settlement proceeds. The court asked for further explanation. The Estate's clarification cited no legal authority other than a general citation about fair distribution. Robert S. Behrens, Esq., represents the Estate.

---

[1] The Estate indicates in its petition that the truck lacked a bumper guard and reflective material, and this contributed to Mary's death. The Estate also indicates that an action may be pending against the truck driver. That party and that action are not before the court.

## Discussion

No Vermont case addresses the issue of whether a wrongful death defendant can settle a suit while listing himself as a beneficiary of the settlement. A cause of action for wrongful death accrues to the representative of the decedent's estate—but any reward or settlement goes to the beneficiaries individually, not the Estate. *See* 14 V.S.A. § 1492(a); Bassett v. Vermont Tax Dept., 135 Vt. 257, 258 (1977) ("To us it is quite apparent that the net proceeds of the [1492] settlement are not . . . part of the probate estate . . . ."). Typically, spouses and next of kin are the appropriate recipients of wrongful death awards, and the court may consider agreements among family members as to the propriety of a distribution. *See* 14 V.S.A. § 1492(c); In re Estate of Dezotell, 2016 VT 14, ¶ 5 ("the trial court was authorized to consider . . . the harmony of family relations, and the commonality of interests" in the family when approving a settlement).

Yet, historically, the contributory negligence of the next of kin barred their recovery. *See, e.g.*, Butterfield v. Community Light & Power Co., 115 Vt. 23, 25 (1946) ("In an action by an administrator under our statute to recover 'such damages as are just' for the benefit of the parents . . . for the death of a child by wrongful act, . . . [the parents'] negligence, proximately contributing to the injury, bars recovery."); Ploof v. Burlington Traction Co., 70 Vt. 509, 518 (1898) (a recovery for wrongful death goes to the widow and next of kin, but may be defeated by their contributory negligence). These authorities precede Vermont's comparative negligence statute, 12 V.S.A. § 1036, enacted in 1969. The Vermont Supreme Court has not yet held to what extent comparative negligence would bar recovery by a negligent spouse under the wrongful death act. However, the comparative negligence statute modifies the common law, and must be strictly construed—thus the statute affects legal obligations and liabilities only to the extent that is evident from its express language. *Cf., e.g.*, Kittell v. Vermont Weatherboard, Inc., 138 Vt. 439, 440–41 (1980) (noting that

2

statutes in derogation of the common law must be strictly construed); Howard v. Spafford, 132 Vt. 434, 435 (1974) (declining to override damages scheme evident from the face of § 1036).

The Vermont comparative negligence statute allows a comparatively negligent plaintiff to recover unless that party is more than 51% responsible for the tort. *See* 12 V.S.A. § 1036 ("Contributory negligence shall not bar recovery in an action by any plaintiff . . . if the negligence was not greater than the causal total negligence of the defendant or defendants . . ."). At 51% or more, the plaintiff's recovery would be barred just as it would have been under the common-law contributory negligence scheme. *Accord* Amica Mut. Ins. Co. v. Estate of Peccie, 953 A.2d 369, 373 (Me. 2008) ("[I]f the wrongful death action were to proceed for Lawrence's exclusive benefit, the comparative negligence statute would operate to prevent his right to recover any damages under the wrongful death statute."); 1 Comparative Negligence Manual § 6:5 Application of comparative negligence to wrongful death actions – Negligence of Beneficiaries (3d ed. 2017 update) ("[A]pplication of comparative negligence principles to a negligent beneficiary's wrongful death recovery will generally result in a reduction of his or her recovery rather than a complete bar, unless of course that beneficiary's negligence is of a magnitude that precludes recovery under the particular jurisdiction's comparative fault system . . . .").

Independent of the doctrines of comparative and contributory negligence, courts have denied recovery on public policy grounds in cases such as this. *See, e.g.*, Tanski v. Tanski, 820 P.2d 1143, 1145 (Colo. App. 1991) ("[A]ltough Tanski purports to bring this action 'in his representative capacity,' in reality, Tanski is attempting to recover damages for a wrongful death that he negligently caused. . . [T]he public policy of Colorado prohibits a plaintiff from recovering damages for a wrongful death he or she has negligently caused."); Bays v. Cox' Adm'r, 229 S.W.2d 737, 739 (Ky. Ct. App. 1950) ("[T]he concurring negligence of Cox and Bays resulted in

the death of Nola Cox . . . [A]ppellant Cox should not be permitted to recover for his own negligence."); Davenport v. Patrick, 44 S.E.2d 203, 205 (N. C. 1947) ("The beneficiary here is the defendant. For all practical purposes he is the plaintiff and the defendant. . . . Public policy in this jurisdiction . . . will not permit a wrongdoer to enrich himself as a result of his own misconduct.").

Here, although Donald is not a direct plaintiff, he is a beneficiary of the proposed settlement with the Estate. The Estate alleges that "there are more potentially 'at fault' parties" in addition to Donald, suggesting that his negligence could be mitigated by theirs. *See* April 13 Filing. However, none of those parties are before the court. As far as the court can tell from this proposal, the negligence here is solely the husband's. If this case went to trial, the court could only pass upon the Estate's ability to recover from Donald. *Cf*. Teeter v. Missouri Highway & Transp. Com'n, 891 S.W.2d 817, 821 (Mo. 1995) ("MHTC was the only defendant at trial. . . . Rules of joint and several liability do not apply to cases with one defendant. . . . As the lone defendant, MHTC is solely liable.") (citations omitted). He would, in such a circumstance, be barred from receiving any portion of the Estate's award. The outcome is no different upon settlement. *Accord* Hess v. Hess, 758 So.2d 1203, 1205–06 (Fla. Ct. App. 2000) (holding that a mother, 100% responsible for daughter's death, could not recover settlement proceeds for wrongful death notwithstanding the fact that settlement occurred before any action was filed). The court cannot approve this allocation.

<u>Order</u>

The Estate's petition to approve the allocation of wrongful death settlement proceeds is denied.

 Electronically signed on May 10, 2017 at 10:44 AM pursuant to V.R.E.F. 7(d).


_____
Helen M. Toor, Superior Court Judge

4